**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **THANG HONG LUU, CHIN BA NGO,** | § | |
| **HUNG VAN NGUYEN, NO HAI LE,** | § | |
| **HAI THANH PHAN, TUYEN VAN VU,** | § | |
| **HOP DUC TON,** | § | |
| **GIANG DUC TRAN,** | § | |
| **GIANGSY NGHIEM, NHAM VAN HO,** | § | |
| **HUYNH KHAC BUI, SY DUNG NGUYEN,** | § | |
| **DUC MINH NGUYEN,** | § | |
| **JOHN DOE 1 through 43,** | § | |
| **ET AL.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **C.A. NO. _____** |
| **VS.** | § | |
| | § | |
| **INTERNATIONAL INVESTMENT** | § | |
| **TRADE AND SERVICE GROUP A/K/A** | § | |
| **INTERSERCO and GENERAL** | § | |
| **AUTOMOTIVE INDUSTRY** | § | |
| **CORPORATION OF VIETNAM A/K/A** | § | |
| **VINAMOTORS,** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT[1]**

TO THE HONORABLE JUDGE OF SAID COURT:

1.    People all over the world still desire to come to the United States to pursue the American dream. Unfortunately, there are also scheming and mendacious entities and individuals all over the world who prey on this desire.

2.    This is an action brought by more than fifty Vietnamese laborers seeking to expose an international human trafficking conspiracy. The Plaintiffs in this case were defrauded in the worse way. Through deception, these poor, uneducated Vietnamese nationals were lured into the United States with the promise of high paying jobs, but instead were housed like

---

[1]    Plaintiffs reserve the right to amend this Complaint to seek class action status. Plaintiffs also reserve the right to amend this Complaint to add additional defendants, namely various individuals involved in the described conspiracy.

animals, and treated like indentured servants. This human trafficking ring was orchestrated by Defendant International Investment Trade and Service Group a/k/a "Interserco," Defendant General Automotive Industry Corporation of Vietnam a/k/a "Vinamotors," and their United States agent co-conspirators.[2] Defendants conduct violates the Trafficking Victims Protection Reauthorization Act (TVPRA) of 2005, the 13th Amendment to the United States Constitution, Alien Torts Claims Act, 28 U.S.C. 1350, and other federal and state laws. Plaintiffs also bring this case seeking punitive damages against these Defendants in amount in excess of $100,000,000.00.

## JURISDICTION

3.      Plaintiffs are bringing claims under federal statutes, thus invoking 28 U.S.C. § 1331.

## VENUE

3.      Venue is proper in this matter because many of the Plaintiffs named herein reside in Galveston County, the conduct giving rise to this action occurred here, in part, and because Defendants do business in this District.

## PARTIES

4.      Plaintiff Thang Hong Luu is a resident of Galveston County, Texas.

5.      Plaintiff Chin Ba Ngo is a resident of Galveston County, Texas.

6.      Plaintiff Hung Van Nguyen is a resident of Galveston County, Texas.

7.      Plaintiff Hai Thanh Phan is a resident of Galveston County, Texas

8.      Plaintiff No Hai Le is a resident of Galveston County, Texas.

9.      Plaintiff Tuyen Van Vu is a resident of Galveston County, Texas.

---

[2]      Defendants' U.S. Agent co-conspirators Coast to Coast Resources, Inc. and ILP Agency, LLC were sued in March 2009 in the 215th Judicial District Court in Harris County. After two years of intense litigation with many depositions and hearings, an agreed judgment in the amount of $60,000,000.00 was entered. Exhibits A & B.

10.     Plaintiff Giang Duc Tran is a resident of Galveston County, Texas.

11.     Plaintiff, Giang Sy Nghiem is a resident of Galveston County, Texas.

12.     Plaintiff Sy Dung Nguyen is a resident of Galveston County, Texas.

13.     Plaintiff Hop Duc Ton is a resident of Louisiana.

14.     Plaintiff Nham Van Ho is a resident of Louisiana.

15.     Plaintiff Huynh Khac Bui is a resident of Louisiana.

16.     John Doe's 1-43 reside in Texas and Louisiana.

17.     Defendant, International Investment Trade and Service Group a/k/a Interserco ("Interserco"), is a Vietnamese Company.  It can be served with process at its principal office at 358 Lang Road, Dong Da District, Hanoi, Vietnam.

18.     Defendant, Corporation Vietnam Automobile Industry a/k/a Vinamotors ("Vinamotors"), is a Vietnamese Company. It can be served at its principal office at 120 Hang Trong, Hoan Kiem, Hanoi, Vietnam.

## RELEVANT FACTS

19.      Plaintiffs are Vietnamese nationals. Lured by the Defendants with the promise of good paying jobs, Plaintiffs were transported nearly ten thousand miles from their homeland, and made to work in a circumstance that can only be described as indentured servitude. After collecting exorbitant fees to bring them here, Defendants, through their agents, then deserted the Plaintiffs, leaving them penniless and facing possible deportation. Defendants' preyed on these Plaintiffs in numerous ways, two of which are most important for this case: First, Defendants took advantage of the fact that Plaintiffs were among the many poor, uneducated laborers that constitute over 95% of the working population of Vietnam; Second, Defendants exploited Plaintiffs' belief in America as a land of promise and opportunity.

3

20.     Since the normalization of relations between the United States and Vietnam, many Vietnamese companies have added to their business lines the exportation of labor. Vietnam has become a popular source country for men and women who migrate for work through informal networks and through state-owned and private labor export companies in the construction, fishing, or manufacturing sectors. Vietnam exports over 85,000 laborers each year. Revenues from such exceed $2 billion annually. Defendants Vinamotors and Interserco are in this business. Both of these entities are owned, in part, by the Vietnamese Government.

21.     Sometime in early 2008, Defendants advertised on Vietnamese television that high paying jobs for welders were available in the United States. The Plaintiffs responded to those ads. Upon meeting with principals from both the Defendants, Plaintiffs learned that, in order to obtain the thirty-month jobs, they would need to pay the Defendants a flat fee, ranging between $7,000 to $15,000. Additionally, the Plaintiffs would need to pay a portion of their wages in the United States to the Defendants' United States agents. In return, Defendants would arrange for the appropriate Visas for the Plaintiffs to work in the United States, as well as travel, lodging, and food while there. Moreover, Defendants also promised to provide transportation to and from the job site while the Plaintiffs were in the United States. Defendants made it clear that they were working with United States companies who would assist and help coordinate the logistics of the venture while in the United States. Because the jobs were high paying and long term, and because Defendants were providing all of the necessities, Plaintiffs agreed to the venture despite the high cost. In order to afford the venture, several of the Plaintiffs were required to provide to the Defendants a deed of trust to their homes. Plaintiffs thus paid the required monies, up front, to principals of both Defendants. Each received a receipt

acknowledging payment on Defendants' letterhead. A director of Defendant Vinamotors even took pictures with some of the Plaintiffs prior to their departure.

22.     After paying the required monies to the Defendants, Plaintiffs—along with many other similar laborers—were flown by Defendants from Vietnam to Houston, Texas. Upon arriving in Houston, Plaintiffs, as they had been promised, were met by agents of the Defendants--Coast to Coast Resources, Inc. and ILP Agency, LLC.   In Houston, Plaintiffs learned that they would be working for companies near the Houston Ship Channel.  However, despite the promise of comfortable and adequate lodging, Plaintiffs and the other laborers were divided into groups of four and each group was made to live in a run-down, dilapidated two-bedroom apartment in Pasadena, Texas. Living conditions at the apartment complex were deplorable.

23.     Plaintiffs' days were filled with hard work and dreary, isolated living.  Every day, a driver shuttled Plaintiffs and the other laborers between work and the apartments; the driver was of Hispanic origin and did not speak Vietnamese, thus ensuring that there would be no communication between Plaintiffs and any outsiders. Once a week, a driver drove Plaintiffs and the other laborers to a supermarket to buy groceries.  Transportation was not provided to any other destination or for any other purpose, even church or temple.  Plaintiffs had no means to learn English, even though they wanted to do so. They had no access to television, newspapers, or magazines. They had little to no contact with the outside world of any kind.  Moreover, Plaintiffs were repeatedly threatened that if they had contact with outsiders they would be arrested or subjected to violence. Consequently, due to the repeated threats and coercion, even in the rare instance when Plaintiffs interacted with outsiders, they did so secretly, never revealing their status as an indentured, export laborer. Plaintiffs and their fellow laborers, though living

near the robust Greater Houston Vietnamese-American community, were in essence stranded and isolated.

24.     During the week of February 23, 2009—only eight months into Plaintiffs' promised thirty month work term—Plaintiffs and the other laborers were told that their employment was being terminated and that Friday, February 27, 2009 was to be their last day on the job.  Plaintiffs were also told that they would need to pack their few belongings so they could be flown back to Vietnam immediately.  When Plaintiffs asked questions about the guaranteed work term of thirty months and the validity of their visa for the full period, Defendants' U.S. agents simply refused to answer.  By terminating Plaintiffs after only eight months into the promised thirty month work term, Plaintiffs were not able to recoup their down payments and expenses, much less make any money for themselves and their families.  Additionally, on information and belief, Defendants terminated Plaintiffs and the other laborers and replaced them with a new set of hopeful, unsuspecting laborers from whom a fresh set of fees (and essentially free labor) could be collected under this fraudulent scheme.

25.     Due to Defendants' wrongful conduct, Plaintiffs are now are subject to deportation. Further, because they were unable to earn any money as promised, Plaintiffs are in danger of losing their houses and other meager possessions in Vietnam. More importantly, because Defendants are in part owned by the government, Plaintiffs fear for their lives and the lives of their families in Vietnam.

## CAUSES OF ACTION

**Trafficking Victims Protection Reauthorization Act (TVPRA) of 2005**

26.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

27.     Defendants, in concert with its United States agents, knowingly recruited, transported, and harbored Plaintiffs for labor and services in violation of 18 U.S.C. § 1590; such conduct caused Plaintiffs serious harm. Plaintiffs are thus entitled to compensatory damages, attorneys' fees, and punitive damages.

**Violation of the 13th Amendment to the United States Constitution**

28.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

29.     Defendants' conduct violates the prohibition of involuntary servitude set forth in the 13th Amendment, and caused Plaintiffs damage. Plaintiffs seek compensatory and all damages allowable under the implied right to a civil remedy afforded by the 13th Amendment.

**Alien Torts Claims Act, 28 U.S.C. 1350**

30.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

31.     Defendants conduct is in violation of international laws and treaties, and caused Plaintiffs damage. Plaintiffs thus seek compensatory and all damages allowable under law.

**Conspiracy to Commit State Law Breach of Contract**

32.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

33.      In concert with their agents, Defendants promised to provide Plaintiffs with a job in the United States for a term of thirty months at $15 per hour and $22.50 per overtime hour. Defendants further promised that Plaintiffs' work permit visas would be guaranteed for the full duration of the thirty-month work term.  In addition, Defendants promised suitable lodging and transportation in the United States. Defendants, both themselves and through their agents, broke all of their promises. Defendants' conduct caused Plaintiffs significant damages. Plaintiffs also seek attorneys' fees.

34.      Plaintiffs have satisfied all conditions precedent.

**Actual and Apparent Authority / Ratification / Negligent Hiring / Vice-Principal**

35.      Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

36.      Plaintiffs assert that Coast to Coast Resources, Inc., ILP Agency, LLC, Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu are employees and/or agents of Defendants.  Therefore, these Defendants are vicariously liable to Plaintiffs for the tortuous acts committed by Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu on behalf of these Defendants either under the theories of actual authority, apparent authority, *respondeat superior*, ratification, negligent hiring, and/or vice-principal.

**Conspiracy**

37.      Defendants were members of a combination of two or more persons whose objective was to accomplish an unlawful purpose and/or a lawful purpose through unlawful means.  These Defendants had a meeting of the minds through knowledge and agreement among them to conspire on an objective course of action.  One or more of Defendant(s) committed an

unlawful, overt act in furtherance of the object or course of action.  As such, Defendants are joint and severely liable for all acts done by any of them in furtherance of the unlawful combination. Each cause of action plead herein sets forth the acts pursued in furtherance of the conspiracy.

## ACTUAL DAMAGES

38.    As a direct, proximate, and producing cause of Defendants' conduct, Plaintiffs have suffered actual and consequential damages within the jurisdictional limits of the Court, including but not limited to, mental anguish in the past and future, lost profits, and loss of income. Plaintiffs also seek attorneys' fees.

## EXEMPLARY DAMAGES

39.    In addition to actual damages, Texas Civil Practice and Remedies Code § 41.003 and the common law of Texas entitle Plaintiffs to recover exemplary damages.  Defendants' conduct was done knowingly, with actual awareness, malice and intent, and/or with such an entire want of care as to indicate that the acts and omissions in question was the result of a conscious indifference to the rights, welfare or safety of Plaintiffs, such that Plaintiffs are entitled to an award of exemplary or punitive damages, to be determined by the jury commensurate with the facts of this case.

40.    Because Defendants' tortious and wrongful conduct violated the Texas Penal Code, exemplary damages in this case are not limited under Sec. 41.008 (b) of the Texas Civil Practices & Remedies.  As such, Plaintiffs request Defendants to jointly and severally pay an amount of $100,000,000.00 as exemplary damages to deter others from engaging in similar misconduct. Plaintiffs allege that exemplary damages in this case are warranted and should be awarded in a manner that takes into account the nature of the wrongful actions of Defendants, the character of the conduct involved, the degree of the Defendants' culpability, the situation and

9

sensibilities of the parties, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand judgment against the Defendants International Investment Trade and Service Group a/k/a Interserco and Defendant General Automotive Industry Corporation of Vietnam a/k/a Vinamotors, jointly and severally as follows:

1.  Economic and compensatory damages in amounts to be determined at trial;

2.  Actual damages including specific and general damages in amounts to be determined at trial;

3.  Punitive damages;

4.  Pre-judgment and post-judgment interest at the maximum rate allowable by law;

5.  Attorney's fees and costs of litigation based on statutory violation per se ;

6.  Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

7.  A trial by jury as to all Defendants.

Dated April 11, 2010

Respectfully submitted,

**THE BUZBEE LAW FIRM**

_____/s/ Anthony Buzbee_____
ANTHONY BUZBEE
State Bar No.: 24001820

S.D. Admissions No. 22679
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone:  (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com

**THE TAMMY TRAN LAW FIRM**

TAMMY TRAN       State Bar No. 20186400     Pete Mai
State Bar No. 24029702
John Na
State Bar No. 24074786
Catherine Le
State Bar No. 24060144
2915 Fannin   Houston, Texas 77002   Phone:     713-655-0737
Fax: 713-655-0823

**ATTORNEYS FOR PLAINTIFFS**