IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THANG HONG LUU, CHIN BA NGO, HUNG VAN NGUYEN, NO HAI LE, HAI THANH PHAN, TUYEN VAN VU, HOP DUC TON, GIANG DUC TRAN, GIANG SY NGHIEM, NHAM VAN HO, HUYNH KHAC BUI, SY DUNG NGUYEN, DUC MINH NGUYEN, JOHN DOE 1 through 43, ET AL.<br><br>VS.<br><br>INTERNATIONAL INVESTMENT TRADE AND SERVICE GROUP A/K/A INTERSERCO and GENERAL AUTOMOTIVE INDUSTRY CORPORATION OF VIETNAM A/K/A VINAMOTORS, | § § § § § § § § § § § § § § § § § | C.A. NO. 3:11-CV-00182 |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT
INTERNATIONAL INVESTMENT TRADE AND SERVICE GROUP a/k/a INTERSERCO**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 56, file this Motion for Summary Judgment against Defendant International Investment Trade and Service Group a/k/a Interserco ("Interserco"), and in support of this motion will show the Court as follows:

SUMMARY

1. This Motion for Summary Judgment is brought on behalf of the Plaintiffs, thirty-four Vietnamese laborers, against Defendant International Investment Trade and Service Group a/k/a Interserco ("Interserco"). The underlying action was brought by the laborers to expose an international human trafficking conspiracy. The Plaintiffs in this case were defrauded. Though deception, these poor, uneducated Vietnamese nationals were lured by Interserco into the United States with the promise of well-paying jobs, but instead were housed like animals, and treated like

2

indentured servants. This human trafficking ring was orchestrated by Interserco and others.[1] The actions of Defendant Interserco as set forth in Plaintiffs' Original Complaint constitute violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA") of 2005, the 13th Amendment of the United States Constitution, Alien Tort Claims Act, and other federal and state laws.

## SCOPE OF MOTION

2.  This Motion for Summary Judgment addresses all of Plaintiffs' causes of action brought by Plaintiffs against Interserco, as contained in Plaintiff's Original Complaint.

## SUMMARY JUDGMENT STANDARD AND BURDEN

3.  Summary judgment is proper if the movant shows that there are no genuine disputes of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Baton Rouge Oil & Chem. Workers Un. v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002); *see also* 2010 to Fed. R. Civ. P. 56 at ¶2 (2010 amendments to Rule 56 changed genuine "issue to genuine "dispute"; term "dispute" better reflects focus of summary judgment determination). To show that the asserted facts are not genuinely disputed, the movant must cite specific parts of the summary judgment materials. *See* Fed. R. Civ. P. 56(c)(1)(A). The 2010 amendments to Rule 56 added a procedure that requires parties to cite materials in the record for statements of fact. *See* 2010 Notes to Fed. R. Civ. P. at ¶¶ 8, 10.

4.  The burden of proof in a summary-judgment proceeding is on the same party who would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court "shall" render summary judgment if there is no genuine dispute about any material fact and the

---

[1] Defendant Interserco was assisted in its efforts by two co-conspirators in the United States. These co-conspirators, Coast to Coast Resources, Inc. and ILP Agency, LC, were sued in the 215th Judicial District Court in Harris County, Texas. After two years of intense litigation, an agreed judgment in the amount of $60,000,000.00 (sixty millions) was entered against Coast Resources, Inc. and ILP Agency, LC. Defendant Interserco has admitted that both Coast to Coast and ILP were its co-conspirators. (*See* Exhibit A and B, supra.)

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To be entitled to summary judgments on their claims, the Plaintiffs must show there are no genuine disputes of material fact and establish each element of its claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## SUMMARY JUDGMENT EVIDENCE

5. In support of Plaintiffs' Motion for Summary Judgment, Plaintiffs rely on the following evidence:

   A. The deemed admissions contained in Plaintiffs' First Request for Admission to Defendant, International Investment Trade and Service Group, attached hereto as Exhibit A, and incorporated herein by reference for all purposes.

   B. Order Deeming Plaintiffs' First Request for Admissions Admitted, signed February 21, 2012, attached hereto as Exhibit B, and incorporated herein for all purposes.

   C. Plaintiffs' Original Complaint attached hereto as Exhibit C, and incorporated herein for all purposes.

   D. Proof of Service of Interserco, attached as Exhibit D.

   E. Answer of Interserco, attached as Exhibit E.

   F. The Affidavit of Anthony Buzbee in Support of Plaintiffs' Motion for Summary Judgment, and the Exhibits thereto, attached hereto as Exhibit F, and incorporated herein by reference for all purposes ("Buzbee Affidavit").

## UNCONTROVERTED FACTS

6. A party can cite admissions to support factual assertions. Fed. R. Civ. P. 56(c)(1)(A). A matter admitted under Rule 36 is conclusively established. Fed. R. Civ. P. 36(b). A specific request for admission, once deemed, is a judicial admission, and a party cannot introduce evidence to

4

controvert it. *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). A party can rely on the other party's admissions to support a motion for summary judgment. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). A party cannot rebut admissions through affidavits or other summary judgment proof. *See U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (party cannot attack issues of fact established in admissions by resisting summary judgment motion).

7. As has been set forth in Exhibits A and B, Defendant Interserco's deemed admissions, in which Defendant admitted the following acts and violations:

    A. Defendant promised the Plaintiffs good paying jobs in the U.S. (RFA 1).

    B. Defendant transported the Plaintiffs to the U.S. (RFA 2).

    C. Defendant enslaved the Plaintiffs. (RFA 3).

    D. Defendant threatened the Plaintiffs with deportation if they spoke to anyone about their living conditions. (RFA 4).

    E. Defendants collected fees from the Plaintiffs so that Plaintiffs could travel to the U.S. (RFA 5).

    F. Defendant is owned, in part, by the Vietnamese Government. (RFA 6).

    G. Defendant is owned, in part, by individuals with positions in the Vietnamese Government. (RFA 7).

    H. Defendant advertised on Vietnamese television for workers. (RFA 8).

    I. Each Plaintiff paid a flat fee to obtain the work advertised. (RFA 9).

    J. The flat fee ranged from $7,000 to $15,000 for each Plaintiff. (RFA 10).

    K. Defendant arranged for Visas so that the Plaintiffs could travel to the U.S. (RFA 11).

    L. Defendant promised the Plaintiffs lodging while they were in the U.S. (RFA 12).

    M. Defendant promised the Plaintiffs a job while they were in the U.S. (RFA 13).

    N. Defendant promised the Plaintiffs food while they were in the U.S. (RFA 14).

O. Defendant required the Plaintiffs to pay a portion of their wages to Defendant's U.S. agents. (RFA 15).

P. Defendant promised the Plaintiffs transportation to and from the job site. (RFA 16).

Q. Defendant promised to assist in the logistics of getting all required for the Plaintiffs to work in the U.S. (RFA 17).

R. Defendant promised that Plaintiffs' jobs would be high paying. (RFA 18).

S. Defendant promised that Plaintiffs' jobs would be long term. (RFA 19).

T. At least one Plaintiff had to provide Defendant, or Defendant's agent, the deed to his home in order to get the job opportunity. (RFA 20).

U. Plaintiffs had to pay Defendant, or Defendant's agent, up front for the job opportunity. (RFA 21).

V. Defendant arranged for the Plaintiffs to be flown to Houston. (RFA 22).

W. An agent of Defendant in the U.S. is Coast to Coast Resources, Inc. (RFA 23).

X. An agent of Defendant in the U.S. is ILP Agency, LLC. (RFA 24).

Y. Coast to Coast Resources, Inc. and/ or ILP Agency, LLC. acted on Defendant's behalf in the U.S. (RFA 25).

Z. Defendant has a long standing relationship with Coast to Coast Resources, Inc. and/or ILP Agency, LLC. (RFA 26).

AA. Defendant has a contract with Coast to Coast Resources, Inc. and/or ILP Agency, LLC. (RFA 27).

BB. Coast to Coast Resources, Inc. and/or ILP Agency, LLC. are authorized to bind Defendant legally. (RFA 28).

CC. Defendant's agents would not provide transportation to the Plaintiffs to any place, other than the work site. (RFA 29).

DD. Defendant's agents prevented the Plaintiffs from having access to any TV, newspapers, or any other news. (RFA 30).

EE. Defendant's agents repeatedly threatened the Plaintiffs to prevent them from disclosing their situation. (RFA 31).

FF.   Defendant terminated its relationship with the Plaintiffs. (RFA 32).

GG.   Defendant promised the Plaintiffs a thirty-month employment in the U.S. (RFA 33).

HH.   Defendant isolated the Plaintiffs. (RFA 34).

II.   Defendant violated the Trafficking Victims Protection Reauthorization Act. (RFA 35).

JJ.   Defendant's violation of the Trafficking Victims Protection Reauthorization Act caused each Plaintiff substantial damages. (RFA 36).

KK.   Defendant violated the 13th Amendment to the U.S. Constitution. (RFA 37).

LL.   Defendant's violation of the 13th Amendment to the U.S. Constitution caused each of the Plaintiffs substantial damages. (RFA 38).

MM.   Defendant violated the Alien Torts Claims Act. (RFA 39).

NN.   Defendant's violation of the Alien Torts Claims Act caused each of the Plaintiffs substantial damages. (RFA 40).

OO.   Toan Phung is Defendant's employee. (RFA 41).

PP.   Toan Phung is Defendant's agent in the U. S. (RFA 42).

QQ.   Dung Tri Nguyen is Defendant's employee. (RFA 43).

RR.   Dung Tri Nguyen is Defendant's agent in the U.S. (RFA 44).

SS.   Phung Thi Nguyen is Defendant's employee. (RFA 45).

TT.   Phung Thi Nguyen is Defendant's agent in the U.S. (RFA 46).

UU.   Vo Hoang Nu is Defendant's employee. (RFA 47).

VV.   Vo Hoang Nu is Defendant's agent in the U.S. (RFA 48).

WW.   Defendant was properly served. (RFA 49).

XX.   Defendant made an appearance, for all purposes, in this case. (RFA 50).

YY.   Defendant is subject to the personal jurisdiction of this Court. (RFA 51).

ZZ.   Defendant's conduct was malicious. (RFA 52).

  AAA. Defendant's conduct warrants an award of punitive damages. (RFA 53).

  BBB. Defendant's conduct was criminal. (RFA 54).

## GROUNDS FOR SUMMARY JUDGMENT

8. Defendant Interserco was properly served. It filed an answer. Its counsel appeared at a telephonic Rule 16 Scheduling Conference. The Court has deemed an extensive set of Requests for Admissions served upon Interserco as admitted. Thus, Plaintiffs are entitled to a judgment against Interserco as a matter of law based on the following grounds:

  A. Plaintiffs have presented uncontroverted summary evidence as to each and every element of their causes of action for violation of the Trafficking Victims Protection Reauthorization Act of 2005, Violation of the 13th Amendment to the United States Constitution, Alien Tort Claims Act, 28 U.S.C. §1350, Conspiracy to Commit State Law Breach of Contract, Conspiracy, and for damages, both actual and exemplary.

  B. Defendant, through its deemed admissions attached as Exhibit A and B as set forth fully above and incorporated by reference, has admitted facts sufficient to establish that no genuine issues of material facts exist as to the elements of the causes of action set forth in Plaintiffs' Original Complaint (factual allegations from which are incorporated into this motion) as follows:

    **The Trafficking Victims Protection Reauthorization Act**: The evidence cited above and attached hereto establishes that Defendant, in concert with its United States agents, knowingly recruited, transported, and harbored Plaintiffs for labor and services in violation of 18 U.S.C. §1590; such conduct caused Plaintiffs serious harm. Plaintiffs are thus entitled to compensatory damages, attorneys' fees, and punitive damages.

    **Violation of 13th Amendment**: The evidence cited above and attached hereto establishes that Defendant's conduct violates the prohibition of involuntary servitude as set forth in the 13th Amendment, and caused Plaintiffs damage. Plaintiffs are entitled to compensatory damages and all damages allowable under the implied right to a civil remedy afforded by the 13th Amendment.

    **Alien Tort Claims Act**: The evidence cited above and attached hereto establishes Defendant's conduct is in violation of international laws and treaties, and caused Plaintiffs damage. Plaintiffs thus seek compensatory and all damages allowable by law.

8

**Conspiracy to Commit State Law Breach of Contract**: The evidence cited above and attached hereto establishes that, in concert with their agents, Defendant promised to provide Plaintiffs with a job in the United States for a term of thirty months at a sum certain. Defendant further promised that Plaintiffs' work permit would be guaranteed for the full duration of the thirty-month work term. Defendant promised suitable lodging and transportation in the United States. Defendant, both itself and through its agents, broke all of their promises. Defendant's conduct caused Plaintiffs significant damages. Plaintiffs are also entitled to attorneys' fees.

**Conspiracy:** The evidence cited above and attached hereto establishes Defendant was a member of a combination of two or more persons whose objective was to accomplish an unlawful purpose through unlawful means. The Defendant had a meeting of the mind through knowledge and agreement among them to conspire on an objective course of action. Defendant committed an unlawful, overt act in the furtherance of the course of action. As such, Defendant is joint and severally liable for all acts done by any of them in furtherance of the unlawful combination. Defendant's conduct caused Plaintiffs significant damages. Plaintiffs are also entitled to attorneys' fees.

C.  Because there are no genuine issues of material fact with regard to Plaintiffs' causes of action or for Plaintiffs' claims for damages set forth in Plaintiff's Original Complaint, Plaintiffs are entitled to a summary judgment herein as a matter of law.

## REQUEST FOR HEARING ON DAMAGES

9.  Plaintiffs respectfully requested a hearing before the Court on actual and punitive damages.

## CONCLUSION AND PRAYER

10. Plaintiffs pray that this Court enter Summary Judgment on all liability matters against Interserco in the favor of the Plaintiffs. Plaintiffs further request that this matter be set for hearing, to prove up actual and exemplary damages, with due notice to Defendant, and that upon final hearing, the Court enter a final judgment against Defendant Interserco for both actual and punitive damages.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*[signature]*

ANTHONY BUZBEE
State Bar No.: 24001820
S.D. Admissions No. 22679
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com

**THE TAMMY TRAN LAW FIRM**

TAMMY TRAN
State Bar No.: 20186400
PETE MAI
State Bar No.: 24029702
JOHN NA
State Bar No.: 24074786
CATHERINE LE
State Bar No.: 24060144
2915 Fannin
Houston, Texas 77002
Tel: (713) 655-0737
Fax: (713) 655-0823
ttran@tt-lawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

10