IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THANG HONG LUU, CHIN BA NGO, HUNG VAN NGUYEN, NO HAI LE, HAI THANH PHAN, TUYEN VAN VU, HOP DUC TON, GIANG DUC TRAN, GIANGSY NGHIEM, NHAM VAN HO, HUYNH KHAC BUI, SY DUNG NGUYEN, DUC MINH NGUYEN, JOHN DOE 1 through 43, ET AL. | § § § § § § § § § § | C.A. NO. 3:11-CV-00182 |
| Vs. | § § § | |
| INTERNATIONAL INVESTMENT TRADE AND SERVICE GROUP A/K/A INTERSERCO and GENERAL AUTOMOTIVE INDUSTRY CORPORATION OF VIETNAM A/K/A VINAMOTORS | § § § § § | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT INTERNATIONAL INVESTMENT TRADE AND SERVICES GROUP

To:     Defendant, INTERNATIONAL INVESTMENT TRADE AND SERVICES GROUP, by and through their attorneys Hoang Van Hung, Vu Than Hai, Unit 1502A, 15th floor, Charm Vit Tower, 117 Tran Duy Hung St. Cau Giay Dist., Hanoi, Vietnam.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendant, INTERNATIONAL INVESTMENT TRADE AND SERVICES GROUP, respond to the following Requests for Admissions separately and fully, in writing, and under oath, with the responses signed by the person making them. Authority upon whom these Requests for Admissions has been served shall serve a copy of the responses and objections, if any, within thirty (30) days after the service of these Requests upon you.

You are hereby advised that you are under a duty to seasonably amend your responses if you obtain information upon the basis of which the following occurs:

1. You know that the response was incorrect when made; and/or



2. You know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment or misrepresentation.

## DEFINITIONS

1. "<u>Defendant</u>", "<u>You</u>" or "<u>your</u>" means the parties to whom these requests are propounded and includes, but is not limited to, any agents, employees, representatives, or attorneys for said party.

2. "<u>Occurrence</u>" refers to the incident involving Plaintiffs on the occasion and at, or near, the time described in Plaintiffs' Complaint, and any amendments thereto.

3. "<u>Identify</u>" or "<u>identity</u>" when referring:

    (a) to a "<u>person</u>" means to state the full name of the person, any aliases and/or nicknames by which the person is now known or has been known in the past, a present and/or last known address, telephone number, dates of birth, social security number, drivers license number, title or position, and place of employment and, if previously or presently employed by you, the dates he or she was hired and the dates he or she was terminated or left your employ, if applicable;

    (b) to a "<u>document</u>" means, if a legible copy of the document is not provided with your answer, a complete description of the document referred to, including its title, if it has any, the dates it was prepared, the name of the person who prepared it, and the identity of the person or persons who have custody of, control over, or access to such document;

    (c) to "<u>any other matter</u>" means to give a reasonable, detailed description thereof, including if applicable, for a tangible matter: when, where and how it was made, and to identify who made it and who has present or last known possession, custody or control thereof; and

    (d) if referring to other lawsuits or other actions of any type in any court, means stating separately for each such action: the identity of all parties; the court and cause number; the dates on which such action was initiated; the identity of opposing attorneys; the outcome of the case, including in each such action the description of any judgment or other relief granted in each such action; and, if a civil action, the nature of the cause of action.

4. "<u>Documents</u>" includes, but is not limited to, any note, memorandum, correspondence, contract or agreement, pamphlet or manual, computer print-out, computer tape, tape recording, photograph, photographic negative or transparency, movie film, videotape

2

recording, CD-ROM, computer disk and every writing or other graphic material of any kind whatsoever.

5. "Plaintiffs" refers to the individuals identified in the latest complaint.

6. The "date" referred to in the following Requests for Admission is made the basis of this suit and set forth in Plaintiffs' Complaint. Alternatively, "date" refers to the date on which you contend that the (alleged) incidents made the basis of Plaintiffs' lawsuit occurred.

7. The "injuries" referred to in the following Requests for Admissions are the injuries made the basis of this suit and set forth in Plaintiffs' Complaint, and any amendments thereto.

8. "Statements" include any written, videotaped, or audiotaped statements.

9. The term "communication" means any and all statements, discussions, conversations, representations, invoices, guaranties, letters, telefaxes, facsimiles, telexes, business or legal documents, electronic mail, applications, telephone calls, or other written or verbal communications, whether in person, by telephone, by mail, e-mail or otherwise, between the persons named in reference to such communications, regardless of by whom said communications were initiated, and includes all responses to said communications.

10. "And" or "or" shall mean "and/or" so as to be inclusive rather than exclusive in meaning.

11. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

12. As used herein, the term "document" or "documents" is used in its broadest permissible sense consistent with the Texas Rules of Civil Procedure and refers to all writings, files or other items in your custody, possession, or control or known to you, whether printed, recorded, preserved or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, opinions, estimates, calendars, communications (including "E-mail" and "voice mail"), correspondence, telegrams, memoranda, computer files, summaries or records of personal conversations, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports, reports of meetings, minutes, or records of conferences, lists of persons attending meetings conferences, reports or summaries of interviews, reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, purchase orders, invoices, records of receipts of original documents, marginal notes, or preliminary notes. Any comment or notation appearing on any documents not part of the original text is to be considered a separate "document." "Documents" specifically includes information that exists in electronic or magnetic form. Such electronic or magnetic documents should be produced

in hard copy and/or via disc or tape. Computer files are to be produced in accordance with the provisions of Paragraph 17 below.

13. All computer files produced are to be produced on computer-based media readable on Windows 95 OSR 2, Windows NT 3.51 or 4.0, Macintosh running System 7.5.1 or earlier, DEC Alpha, or Sun Microsystems SPARCstation running SunOS. Acceptable media are: 3.5" diskettes, hard disks, ZIP disks, Jaz disks, recordable CDs (in Joliet, or ISO 9660 format), 4 mm DAT, 8 mm Exabyte tape, or Digital Linear Tape (DLT). You must provide sufficient details of the hardware and software used to place the information on the media to permit the recovery of the information from the media.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _____/s/ Anthony G. Buzbee_____
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the ***18th day of November, 2011***. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

Hoang Van Hung
Vu Than Hai, Unit 1502A
15th floor, Charm Vit Tower
117 Tran Duy Hung St.
Cau Giay Dist., Hanoi, Vietnam.

                                                  */s/ Anthony G. Buzbee*
                                                  Anthony G. Buzbee

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT INTERNATIONAL INVESTMENT TRADE AND SERVICES GROUP

1. Admit that you promised the Plaintiffs good paying jobs in the U.S.

   **RESPONSE:**

2. Admit that you transported the Plaintiffs to the U.S.

   **RESPONSE:**

3. Admit that you enslaved the Plaintiffs.

   **RESPONSE:**

4. Admit that you threatened the Plaintiffs with deportation if they spoke to anyone about their living conditions.

   **RESPONSE:**

5. Admit that you collected fees from the Plaintiffs so that they could travel to the U.S.

   **RESPONSE:**

6. Admit that you are owned, in part, by the Vietnamese Government.

   **RESPONSE:**

7. Admit that you are owned, in part, by individuals with positions in the Vietnamese Government.

   **RESPONSE:**

8. Admit that you advertised on Vietnamese television for workers.

   **RESPONSE:**

9. Admit that each Plaintiff paid a flat fee to obtain the work advertised.

   **RESPONSE:**

10. Admit that the flat fee ranged from $7,000 to $15,000 for each Plaintiff.

    **RESPONSE:**

11. Admit that you arranged for Visas so that the Plaintiffs could travel to the U.S.

    **RESPONSE:**

12. Admit that you promised the Plaintiffs lodging while they were in the U.S.

    **RESPONSE:**

13. Admit that you promised the Plaintiffs a job while they were in the U.S.

    **RESPONSE:**

14. Admit that you promised the Plaintiffs food while they were in the U.S.

    **RESPONSE:**

15. Admit that you required the Plaintiffs to pay a portion of their wages to your U.S. agents.

    **RESPONSE:**

16. Admit that you promised the Plaintiffs transportation to and from the job site.

    **RESPONSE:**

17. Admit that you promised to assist in the logistics of getting all required for the Plaintiffs to work in the U.S.

    **RESPONSE:**

18. Admit that you promised that Plaintiffs' jobs would be high paying.

    **RESPONSE:**

19. Admit that you promised that Plaintiffs' jobs would be long term.

    **RESPONSE:**

20. Admit that at least one Plaintiff had to provide you, or your agent, the deed to his home in order to get the job opportunity.

    **RESPONSE:**

21. Admit that Plaintiffs had to pay you, or your agent, up front for the job opportunity.

**RESPONSE:**

22. Admit that you arranged for the Plaintiffs to be flown to Houston.

   **RESPONSE:**

23. Admit that an agent of yours in the U.S. is Coast to Coast Resources, Inc.

   **RESPONSE:**

24. Admit that an agent of yours in the U.S. is ILP Agency, LLC.

   **RESPONSE:**

25. Admit that Coast to Coast Resources, Inc. and/ or ILP Agency, LLC. acted on your behalf in the U.S.

   **RESPONSE:**

26. Admit that you have a long standing relationship with Coast to Coast Resources, Inc. and/ or ILP Agency, LLC.

   **RESPONSE:**

27. Admit that you have a contract with Coast to Coast Resources, Inc. and/or ILP Agency, LLC.

   **RESPONSE:**

28. Admit that Coast to Coast Resources, Inc. and/or ILP Agency, LLC. is authorized to bind you legally.

   **RESPONSE:**

29. Admit that your agents would not provide transportation to the Plaintiffs to any place, other than the work site.

   **RESPONSE:**

30. Admit that your agents prevented the Plaintiffs from having access to any TV, newspapers, or any other news.

   **RESPONSE:**

31. Admit that your agents repeatedly threatened the Plaintiffs to prevent them from

8

disclosing their situation.

**RESPONSE:**

32.  Admit that you terminated your relationship with the Plaintiffs.

**RESPONSE:**

33.  Admit that you promised the Plaintiffs a thirty-month employment in the U.S.

**RESPONSE:**

34.  Admit that you isolated the Plaintiffs.

**RESPONSE:**

35.  Admit that you violated the Trafficking Victims Protection Reauthorization Act.

**RESPONSE:**

36.  Admit that your violation of the Trafficking Victims Protection Reauthorization Act caused each Plaintiff substantial damages.

**RESPONSE:**

37.  Admit that you violated the 13th Amendment to the U.S. Constitution.

**RESPONSE**

38.  Admit that your violation of the 13th Amendment to the U.S. Constitution caused each of the Plaintiffs substantial damages.

**RESPONSE:**

39.  Admit that you violated the Alien Torts Claims Act.

**RESPONSE:**

40.  Admit that your violation of the Alien Torts Claims Act caused each of the Plaintiffs substantial damages.

**RESPONSE:**

41.  Admit that Toan Phung is your employee.

9

**RESPONSE:**

42. Admit that Toan Phung is your agent in the U.S.

    **RESPONSE:**

43. Admit that Dung Tri Nguyen is your employee.

    **RESPONSE:**

44. Admit that Dung Tri Nguyen is your agent in the U.S.

    **RESPONSE:**

45. Admit that Phung Thi Nguyen is your employee.

    **RESPONSE:**

46. Admit that Phung Thi Nguyen is your agent in the U.S.

    **RESPONSE:**

47. Admit that Vo Hoang Nu is your employee.

    **RESPONSE:**

48. Admit that Vo Hoang Nu is your agent in the U.S.

    **RESPONSE:**

49. Admit that you were properly served.

    **RESPONSE:**

50. Admit that you made an appearance, for all purposes, in this case.

    **RESPONSE:**

51. Admit that you are subject to the personal jurisdiction of this Court.

    **RESPONSE:**

52. Admit that your conduct was malicious.

    **RESPONSE:**

53. Admit that your conduct warrants an award of punitive damages.

    **RESPONSE:**

54. Admit that your conduct was criminal.

    **RESPONSE:**