UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THANHG HONG LUU, *et al*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | | CIVIL ACTION NO. G-11-182 |
| § | | |
| INTERNATIONAL INVESTMENT § | | |
| TRADE & SERVICE GROUP A/K/A § | | |
| INTERSERCO, *et al*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM ORDER & OPINION**

Plaintiffs, more than fifty Vietnamese laborers who travelled to the United States to work as welders, filed suit against Vietnamese companies they contend engaged in an international human trafficking conspiracy. The Plaintiffs sent their First Requests for Admissions to one of the Defendants, International Investment Trade and Service Group (Interserco), after lawyers from Hanoi filed an answer and appeared via telephone at a scheduling conference on Interserco's behalf. After Interserco failed to respond to the discovery request, Plaintiffs moved for summary judgment based on the deemed admissions. Interserco then retained counsel located in the United States and filed a Motion to Withdraw Deemed Admissions. If the Court withdraws the admissions, there is no basis for summary judgment at this stage of the litigation.

The motions under consideration place at odds two important principles of the civil justice system: the priority that disputes be resolved speedily, which requires adherence to deadlines, against the desire that the merits of a case decide its outcome. Applying the applicable Federal Rule of Civil Procedure discussed below, the Court concludes that the principle favoring resolution based on the merits prevails under the unusual circumstances of this case. The Court therefore grants Interserco's Motion to Withdraw and denies Plaintiffs' Motion for Summary Judgment.

## I. Background

After Plaintiffs initiated this action, Interserco retained Vietnamese counsel, Bizlink Lawyers & Consultants, to assist in preparing an Answer and objections to Plaintiffs' service of process.[1] The Bizlink lawyers were not licensed to practice law in the United States, nor did they move for *pro hac vice* admission. As such, Defendants filed their Answer *pro se* on August 4, 2011;[2] however, they directed Plaintiffs to send all future correspondence "to our law firm as detailed below acting for and representing us" and provided Bizlink's mailing address. Answer ¶ 10. Shortly thereafter, at the August 17, 2011 telephonic scheduling conference,

---

[1] Interserco contends that Plaintiffs' method of service was improper. The Court withholds judgment on this issue until it receives supplemental briefing from the parties. For the sake of the instant motions, service is deemed proper.

[2] Defendants' Answer was filed by Hoang Van Hung, General Director of nonparty Tourist, Trade and Labor Export Joint Stock Company (TTLC), and Vu Thanh Hai, Director of Interserco. It is unclear why TTLC executed the Answer given its status as a nonparty.

the Court addressed Interserco's need for U.S. counsel and granted Interserco sixty days to engage an attorney in the United States. The Court listed Do Trong Hai of Bizlink as appearing for Interserco at the conference,[3] although he had not been admitted *pro hac vice* and he was allegedly only retained for the limited purpose of assisting Interserco in filing its Answer and objections to service.

On November 18, 2011, Plaintiffs sent via Federal Express their First Requests for Admissions. At that time, Interserco had still yet to retain U.S. counsel, according to Interserco "in large part due to cultural, language, geographical and bureaucratic barriers that a Vietnamese company, especially one owned in material part by its government, faces when involved in the American judicial system." Def.'s Resp. to Pls.' Mot. for Summ. J. 3. As directed in Defendants' Answer, Plaintiffs sent the package to Bizlink's physical mailing address, but directed the package to Hoang Van Hung, the General Director of nonparty TTLC who co-signed Defendants' Answer. Interserco's counsel maintains that, despite diligence, it is still unable to confirm what happened to the FedEx package.

On January 11, 2012, Plaintiffs filed a Motion to Deem Admissions based on Interserco's failure to timely answer the requests for admissions. This Court

---

[3] Order Following Telephone Scheduling Conference Held on August 17, 2011 (Docket No. 8) (spelling name Do Ciong Hai).

granted Plaintiffs' motion on February 21, 2012. Just six days later, Plaintiffs moved for summary judgment based solely on the deemed admissions.

Perhaps inspired by Plaintiffs' summary judgment motion, Interserco finally retained U.S. counsel Mayer Brown LLP on March 16, 2012. After successfully moving for two separate time extensions, Interserco filed its response to Plaintiffs' summary judgment motion on May 30, 2012, concurrently with its Motion to Withdraw Deemed Admissions, which attached Responses to Plaintiffs' First Requests for Admissions.

## II.   Standard of Review

Because Plaintiff's Motion for Summary Judgment is based entirely on the deemed admissions, the Court's ruling on Interserco's Motion to Withdraw Deemed Admissions will dictate the outcome of the summary judgment motion.

Federal Rule of Civil Procedure 36 governs requests for admissions. Pursuant to Rule 36(a), "matters included in requests for admissions are deemed admitted if no written answer or objection is timely served on the requesting party." *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. April 29, 2004). Rule 36(b) provides the framework under which deemed admissions may be withdrawn:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the

> action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Thus, the district court's "discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991) (footnote omitted). The party making the admission bears the burden of showing that the presentation of the merits will be subserved, whereas the party obtaining the admission bears the burden of establishing prejudice. *Curtis*, 2004 WL 1621700, at *4 (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del. 1988)).

### III. Discussion

#### A. *Presentation of the Merits*

As to the first prong of Rule 36(b), permitting the withdrawal of Interserco's deemed admissions would undoubtedly "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). To do otherwise would deny any presentation of the case on its merits given that Interserco's deemed admissions — and nothing more — were the basis for Plaintiffs' summary judgment motion. *See* Pls.' Mot. for Summ. J. 5–9.

The admissions at issue "directly bear on the merits of the case." *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008). Moreover, they "go directly to the ultimate question" and contradict statements explicitly made in Interserco's Answer. *Lyons v. Santero*, No. CV-07-02773-MMM (VBK), 2011 WL 3353890, at *3 (C.D. Cal. May 11, 2011). For instance, Plaintiffs request Interserco to admit that it "enslaved the Plaintiffs" (Request No. 3); "violated the Trafficking Victims Protection Reauthorization Act" (Request No. 35); "violated the 13th Amendment to the U.S. Constitution" (Request No. 37); "violated the Alien Tort Claims Act" (Request No. 39); and that these violations "caused each of the Plaintiffs substantial damages" (Request Nos. 36, 38, 40). Even the more mundane deemed admissions, such as those regarding Interserco's relationship with other entities or alleged promises made to Plaintiffs, when taken together, would remove relevant factual disputes and prevent Interserco from presenting a defense on the merits. Because "upholding the admissions would practically eliminate any presentation of the merits of the case," the first half of the Rule 36(b) is satisfied. *Curtis*, 2004 WL at *5 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

### B. Prejudice to Plaintiffs

Plaintiffs are unable to establish that allowing withdrawal of the admissions would result in the prejudice Rule 36(b) requires. "Courts have usually found that

the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120. "That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *AmeriFirst Funding*, 2008 WL 2073498, at *2 (citation omitted). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (per curiam).

Plaintiffs argue that withdrawing the admissions would create undue prejudice by requiring Plaintiffs to "expend considerable time and expense to suddenly obtain through other forms of discovery the information and evidence necessary for trial." Pls.' Resp. to Def.'s Mot. to Withdraw Deemed Admis. 12. This argument is unavailing: the mere conducting of discovery to obtain evidence necessary for trial is no grounds for prejudice. *See AmeriFirst Funding*, 2008 WL 2073498, at *2. Although the discovery deadline has now passed and the August 20, 2012 trial date is fast approaching, a modification of the scheduling order could provide Plaintiffs with ample time to conduct discovery and prepare for trial. *See*

*id.*, at *3 (finding no prejudice through delay where court extended discovery deadline); *Hunter v. Washington Mut. Bank*, No. 2:08-CV-069, 2010 WL 2507038, at *3 (E.D. Tenn. June 16, 2010) ("[Plaintiff] cites only the need for further discovery . . . and it is the court's belief that a short continuance of the trial date is the proper remedy for that concern."). Plaintiffs point to no other special difficulties that would result from a delay in the litigation schedule or a sudden need to obtain evidence, such as "the unavailability of key witnesses." *ADM Agri-Industs., Ltd. v. Harvey*, 200 F.R.D. 467, 471 (M.D. Ala. 2001). Therefore, the Court finds that withdrawing the deemed admissions will not prejudice Plaintiffs.[4]

This Court agrees that "[a]dherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Curtis*, 2004 WL 1621700, at *7 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Nonetheless, unlike the party seeking to withdraw an admission in *Curtis*, Interserco has come forth with a "sufficient reason" for its failure to timely respond to Plaintiffs' Requests for Admissions. *Id.* at *6. Interserco did not lose its daytimer calendar like the delinquent counsel in *Curtis* or forget to respond like the delinquent party in *Amer. Auto. Ass'n*; rather, it faced a barrage of obstacles in retaining counsel and obtaining information that were unique to a foreign entity.

---

[4] Plaintiffs also cite as prejudice "time and effort [spent] to assemble and file their Motion for Summary Judgment." Pls.' Resp. to Def.'s Mot. to Withdraw Deemed Admis. 12. Although the Court does not consider this prejudice under Rule 36(b), there are, of course, other Federal Rules of Civil Procedure available for parties who unfairly incur costs related to another party's discovery failures.

Interserco explained that it diligently attempted to retain three U.S. law firms before retaining Mayer Brown, but was unsuccessful because the "process of securing corporate approval for retention of foreign counsel for a Vietnamese entity . . . requires multiple committee approvals which simply takes time to go through." Def.'s Mot. to Withdraw Deemed Admis. 3.

Indeed, Interserco did not have counsel authorized to appear in this Court when the First Requests for Admissions were mailed and later deemed admitted. The Vietnamese counsel that Interserco retained to assist with the Answer was not licensed to practice in the United States and never obtained *pro hac vice* admission. Interserco's current counsel had yet to be engaged in the case, and its only lawyers were from a foreign country with a different language and legal system. Furthermore, uncertainty exists concerning whether Interserco ever received the FedEx package containing the Requests, as they were directed to a nonparty at the address of the Hanoi law office. In short, Interserco confronted highly unusual circumstances that explain, if not justify, its failure to timely respond to Plaintiffs' Requests.[5]

### IV. Conclusion

For the reasons set forth above, this Court GRANTS Interserco's Motion to Withdraw Deemed Admissions (Docket No. 23) and DENIES Plaintiffs' Motion

---

[5] Now that Interserco has retained the Houston office of a large international law firm, the Court expects that it will promptly comply with all deadlines despite any remaining obstacles resulting from its foreign status.

for Summary Judgment (Docket No. 14). Accordingly, the Court VACATES the February 21, 2012 Order Deeming Plaintiffs' First Requests for Admissions Admitted (Docket No. 13) and ORDERS that Interserco's May 30, 2012 Responses to Plaintiffs' First Requests for Admissions (Docket No. 23-1) be deemed admitted.

Additionally, the Court terminates existing deadlines, including the August 2012 docket call date, and will schedule a status conference at which the Court will issue an amended scheduling order.

SIGNED this 26th day of June, 2012.

_____
Gregg Costa
United States District Judge