UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| THANG HONG LUU, CHIN BA NGO, HUNG VAN NGUYEN, NO HAI LE, HAI THANH PHAN, TUYEN VAN VU, HOP DUC TON, GIANG DUC TRAN, GIANGSY NGHIEM, NHAM VAN HO, HUYNH KHAC BUI, SY DUNG NGUYEN, DUC MINH NGUYEN, and JOHN DOES 1-43, § § § § § § § § § § § Plaintiffs, § § vs. § § INTERNATIONAL INVESTMENT § § TRADE AND SERVICE GROUP § A/K/A INTERSERCO, et al., § § Defendants. § | CIVIL ACTION NO. 3:11-cv-00182 |

**DEFENDANT INTERSERCO'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS**

                                                   Charles S. Kelley
                                                   MAYER BROWN LLP
                                                   700 Louisiana Street, Suite 3400
                                                   Houston, Texas 77002-2730
                                                   713.238.2634
                                                   713.238.4634 (Facsimile)

                                                   ATTORNEYS FOR DEFENDANT
                                                   INTERSERCO

Plaintiffs' Response[1] completely fails to address critical arguments in Interserco's Motion to Dismiss [Dkt. No. 30] ("Motion"). First, Plaintiffs omit any defense of their improper 13th Amendment claim. Second, Plaintiffs fail to identify any alleged facts supporting the conclusion that Interserco knew when it allegedly recruited Plaintiffs what would later occur. The Complaint therefore falls far short of the requirement that fraud be pleaded with particularity. This is all the more striking since Plaintiffs rely on the inadequately alleged fraud as the basis for their conspiracy claim and their forced labor claims under the ATS and TVPRA.[2] Finally, Plaintiffs half-hearted attempt to defend its assertion of vicarious liability still fails to provide any support for the asserted legal theories.

## ARGUMENT

### I.  The Fraud Claim Must Be Dismissed Because Plaintiffs Do Not and Cannot Identify Any Allegations to Support Critical Elements of the Claim.

The Complaint completely fails to identify the person who made the allegedly fraudulent misrepresentations or the alleged reason why the statements were false when made. Motion [Dkt. No. 30] at 28-30. Similarly, Plaintiffs' fraud claim fails because the Complaint alleges no factual context supporting the

---

[1] As used herein, "Complaint" refers to Plaintiffs' First Amended Original [sic] Complaint [Dkt. No. 29] and "Response" refers to Plaintiffs' Response in Opposition to Interserco's Motion to Dismiss Under Rule 12(b)(6).

[2] The ATS or Alien Tort Statute refers to 28 U.S.C. § 1350. The TVPRA or Trafficking Victims Protection Reauthorization Act refers, as relevant here, to Plaintiffs claims for civil remedy under 18 U.S.C. § 1595(a) for the purported violation of 18 U.S.C. § 1590.

1

conclusion that the person making the alleged misstatements knew they were false at the time they were made. *Id.*; *see Iqbal v. Ashcroft*, 556 U.S. 662, 686 (2009) (requiring that states of mind be pleaded with facts, not conclusions). Plaintiffs make no effort to refute either of these arguments.

Instead, Plaintiffs cite a single out-of-circuit case, apparently attempting to show that alleging Interserco made misstatements is, by itself, sufficient. Response [Dkt. No. 34] at 15. The Fifth Circuit, however, "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Even the case Plaintiffs cite in the Response does not support their argument. In *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989), the Court was not persuaded by the argument that "pleading the misrepresentations, rather than the defendants' conduct, with particularity" was sufficient, *id.* at 540, and it held that the asserted fraud was inadequately alleged. *Id.* at 541. Plaintiffs here advance much the same argument by merely reciting the alleged misrepresentations in the Complaint. Response [Dkt. No. 34] at 15-16.

Fifth Circuit law requires substantially more details than this, and the Complaint fails to provide them.

## II. Plaintiffs' Failure to Allege Fraud with Particularity Deprives All Other Claims of Any Support from the Defective Fraud Allegations.

Plaintiffs' failure to justify their fatally deficient fraud allegations not only dooms their fraud claim, it also dooms Plaintiffs' efforts to bolster their other claims with the same allegations. Rule 9(b)'s requirement for particularity when "alleging fraud" is not, by its own terms, limited to fraud claims. Instead, when any claim for relief relies on allegations of fraud, those allegations must satisfy the requirements Rule 9(b). *See, e.g., Castillo v. First City Bancorporation of Texas*, 43 F.3d 953, 961 (5th Cir. 1994) (applying Rule 9(b) to claims for conspiracy to commit fraud); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 540 F. Supp. 2d 800, 827 (S.D. Tex. 2007) (imposing the Rule 9(b) standard on a negligent misrepresentation claim where "Plaintiffs have relied on the same factual representations for their negligent misrepresentation and fraud claims, and they have made no attempt here to distinguish the two causes of action"). Under Fifth Circuit law, this Court should "disregard averments of fraud not meeting Rule 9(b)'s standard" when determining the sufficiency of other claims. *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

3

### A. Conspiracy

Plaintiffs now assert that their conspiracy claim is a claim for conspiracy between Coast to Coast Resources, Inc. and Interserco, and they base this assertion solely on the allegedly fraudulent misstatements. Response [Dkt. No. 34] at 7-8. This belated attempt to recast the conspiracy still fails because the Complaint omits any facts showing that Interserco and Coast to Coast Resources, Inc. agreed to pursue any unlawful purpose or to pursue any lawful purpose by unlawful means, which is a required element of conspiracy. *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 975 (Tex. 2010). The purported scheme of "luring and transporting labor from Vietnam to the U.S.," *id.* at 8, is not unlawful. And the only unlawful acts Plaintiffs point to in support of this purported conspiracy are the inadequately pleaded fraud allegations. *Id.* at 7-8; Complaint [Dkt. No. 29] at ¶ 38. Since these allegations must be set aside, *Lone Star Ladies Inv. Club*, 238 F.3d at 368, nothing remains to support the assertion of a conspiracy.

Also, Plaintiffs make no effort to salvage their conspiracy claim as originally alleged. In the Complaint, Plaintiffs assert that a conspiracy existed ***between the Defendants***. Complaint [Dkt. No. 29] at ¶ 37. Plaintiffs do not defend this claim, and, for all the reasons presented in Interserco's Motion, it should be dismissed.

4

**B.     Alien Tort Statute**

Despite urging this Court to rely on the international norm from *Roe v. Bridgestone*, Plaintiffs fail to identify any adequately alleged conduct that violates that norm. In part, this is because Plaintiffs rely on their failed fraud allegations to support their ATS claim. *See* Response [Dkt. No. 34] at 10-11. Equally problematic for Plaintiffs is the fact that all the allegations of misconduct show that it was Coast to Coast Resources, Inc. and ILP Agency, LLC (the "Employers") who committed the acts complained of, and the Complaint fails to support any theory on which to attribute those acts to Interserco.

Contrary to Plaintiffs' assertions in the Response, the Complaint does not support the conclusion that Plaintiffs' labor was obtained without consent. Plaintiffs were not "deceived . . . about the types and terms of work." *Id.* at 10. Plaintiffs allege that they accepted welding jobs at a base wage of $15.00 per hour, Complaint [Dkt. No. 29] at ¶¶ 23, 38, and never allege the work or pay was other than what was promised. Indeed, the only alleged disparities between pledge and promise relate to the quality of Plaintiffs' housing, *id.* at ¶ 24, and the duration of their employment. *Id.* at ¶ 26. Similarly, the Complaint does not support allegations that Plaintiffs were "induced" to take on debt because the Complaint does not meet the Rule 9(b) standard for alleging fraud. *See Lone Star Ladies Inv.*

5

*Club*, 238 F.3d at 368 (directing courts to disregard inadequately alleged fraud when assessing non-fraud claims based on the inadequate allegations). Because the debt was freely undertaken, any fear of the consequences from doing so cannot be classified as "psychological compulsion" on the part of Interserco. Plaintiffs therefore fail to allege any facts to support their denial that they freely entered into their agreement with Interserco.

There are also no allegations that Interserco took any actions directed toward Plaintiffs after Plaintiffs arrived in the U.S. and began to work. For this reason, the purported penalties with which Plaintiffs say they were menaced are not attributable to Interserco. Plaintiffs tried and failed to allege a conspiracy involving Interserco. Plaintiffs tried and failed to allege that the Employers were Interserco's agents. The Complaint therefore fails to allege any facts to support the "menace of any penalty" prong of the *Bridgestone* standard in their ATS claim against Interserco. Because Plaintiffs failed to adequately allege facts meeting either prong of the identified international norm of forced labor, Plaintiffs ATS claim must be dismissed.

**C.     TVPRA**[3]

As addressed in Interserco's Motion, Plaintiffs claim under 18 U.S.C. § 1590 includes a required element of knowledge, and the Complaint fails to allege any facts supporting a conclusion that Interserco had knowledge of the conditions the Plaintiffs would face in the United States. *See* Motion [Dkt. No. 30] at 26-28. Plaintiffs apparently unable to address this argument, do not even acknowledge it in their Response. For this reason alone, Interserco's Motion should be granted.

Furthermore, Plaintiffs do not argue that any allegations in the Complaint support their TVPRA claim other than the defective fraud allegations. *See* Response [Dkt. No. 34] at 13-14. Since these allegations must be disregarded, *see Lone Star Ladies Inv. Club*, 238 F.3d at 368, the TVPRA claim fails for this reason, as well, and should be dismissed.

### III.    Plaintiffs Fail to Identify Any Support for Their Assertion of Vicarious Liability.

Plaintiffs' passing response in support of their numerous vicarious liability theories is patently insufficient to preserve claims that rely on those theories. First, the Complaint alleges that several individuals are employees of Interserco, but never alleges any acts committed by those individuals. *See generally* Complaint

---

[3] Contrary to Plaintiffs' Response, Interserco never asserted that the TVPRA depended on physical coercion. *See* Motion [Dkt. No. 30] at 21 ("The threatened serious harm need not be physical harm . . ..."). Plaintiffs' arguments on this point therefore need not be addressed.

7

[Dkt. No. 29]. Plaintiffs are therefore incorrect when they state that they have "identified *actors* who are employees of Interserco." Response [Dkt. No. 34] at 8 (citing Complaint [Dkt. No. 29] at ¶¶ 23, 41) (emphasis added).

Second, the only benefit to Interserco that Plaintiffs identify—the revenue from Plaintiffs' alleged payment—has no bearing on vicarious liability. As an initial matter, a retained benefit can support a ratification theory, *see Folmar v. Terra Renewal, LLC*, No. 4:09-cv-3647, 2011 U.S. Dist. LEXIS 14840, *17 (S.D. Tex. Feb. 14, 2011) ("Ratification may occur when a principal, though he had no knowledge originally of the unauthorized act of his agent, retains the benefits of the transaction after acquiring full knowledge."), but Plaintiffs offer no defense of the other asserted theories. And, as explained in the Motion, the fees (and any other property) were allegedly paid to Interserco *before* any alleged conduct the Employers. Since that payment occurred before the "transaction" (or conduct) at issue—namely the Employers' alleged mistreatment of Plaintiffs—the payment is not a benefit derived from that conduct.

Not only is Plaintiffs' "retained benefit" theory unsupported by law, it would lead to irrational results in other cases if it were applied as Plaintiffs urge here. Interserco sits in the position of a broker or middleman in that it brings together a fee-paying party with a third-party contractor who then enter a contractual

8

relationship without Interserco. By urging this Court to find that ratification applies here, Plaintiffs, without citing any support, request this Court to hold that any time broker a retains his fees, that broker is ratifying all subsequent torts committed against a fee-paying party by a third-party contractor in a similar scenario. Plaintiffs' provide no authority for such a broad expansion of liability under the ratification doctrine.

### IV. Plaintiffs' Newly Introduced Material Is Improper, Irrelevant, or Both.

Instead of arguing in support of the Complaint as filed, Plaintiffs bombard the Court with extensive quotes to irrelevant public documents and factual assertions beyond the Complaint that are improperly raised for the first time in Plaintiffs' Response. Even if these extraneous facts are considered, however, the Complaint still fails to state a viable claim for relief.

#### A. Judicial Notice of the State Department Reports Is Irrelevant.

For the Court to take judicial notice, the noticed fact must be "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Neither the purported ICE investigation nor the Plaintiffs T-Visas have been shown

9

to meet these criteria. They are clearly not generally known, and no source beyond Plaintiffs' own word has been presented.

Moreover, even though judicial notice of the referenced State Department reports on human trafficking is theoretically appropriate for the content of the reports, it is not appropriate to extend judicial notice to the truth of the matter asserted in the report. Judicial notice is often taken of public documents, such as disclosures filed with the Securities and Exchange Commission. *E.g., Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). But judicial notice of such documents is not permissible "to prove the truth of the documents' contents." *Id.* Although *Lovelace* involved judicial notice of SEC filings, the same logic applies here. Interserco does not dispute that the State Department made the observations and statements in the cited reports. Fed. R. Evid. 201(b). But Plaintiffs have not and cannot demonstrate that the contents themselves have been "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Second, even taken as true, the content of the reports is too general to have any bearing on the adequacy of the pleadings. The mere fact that there are instances of labor trafficking from Vietnam cannot replace factual allegations supporting Plaintiffs claims that Interserco committed any unlawful act directed at

any of the Plaintiffs. Nowhere do the reports present facts indicating that trafficking is so pervasive in the Vietnamese labor export industry that merely engaging in labor export should be presumed to be labor trafficking.

### B. Plaintiffs Improperly Assert New Facts in the Response, and These New Facts Should Be Disregarded.

Plaintiffs' Response also includes numerous factual assertions not alleged in the Complaint. *See* Response [Dkt. No. 34] at 1 (asserting ICE is investigating and Plaintiffs received T-Visas), 4 (asserting that Vietnamese law imprisons delinquent debtors), 5, 13 (asserting that the U.S. Employers confiscated and kept Plaintiffs' passports),[4] 10 (Plaintiffs felt threatened by the possibility of debtor's prison),[5] 11 (asserting Plaintiffs were threatened with deportation and were "constantly monitored").

Plaintiffs newly alleged facts are improperly asserted in their Response. "In considering a 12(b)(6) motion, the court should only consider the factual allegations contained in the original complaint. New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original

---

[4] Plaintiffs contradict two clear statements that the "co-conspirators" (i.e., the Employers) confiscated Plaintiffs' passports after Plaintiffs arrived in the United States by asserting that "Interserco and/or the other Defendants confiscated the deeds to Plaintiffs' home and travel documents." *Id.* at 10. This is both vague and inconsistent with the rest of the Response. It also makes little sense to suggest that Plaintiffs' passports were confiscated ***before*** they travelled to the United States. Accordingly, this assertion appears merely to incorporate Plaintiffs' conclusory allegations of conspiracy and vicarious liability by attributing the Employers' acts to Interserco.

[5] Plaintiffs appear to base the "threat" of imprisonment on the fact that it is a penalty allowed under Vietnamese law for defaulting on a debt, so it is unclear whether Plaintiffs are suggesting that anyone actually threatened them.

11

pleadings." *Coach, Inc. v. Angela's Boutique*, No. 4:10-cv-1108, 2011 U.S. Dist. LEXIS 65876, at *6 (S.D. Tex. June 15, 2011) (citing *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). To the extent the Court considers these new facts at all, such consideration should be limited to determining whether the requested leave to amend would be futile. *See, e.g., Schneider*, 151 F.3d at 1197 & n.1.

Even if the Court chooses to consider them, the newly asserted facts are insufficient to save Plaintiffs' claims. Plaintiffs still fail to address the defects in both their claims and their theories of vicarious liability. Since the fraud claim fails, so too does the purported conspiracy to commit fraud and any theory that Plaintiffs were lured into forced labor by false promises. Similarly, Interserco's lack of knowledge about the Employers' plans (if plans they had), renders Plaintiffs TVPRA claim invalid. Finally, any claim based on vicarious liability for the conduct of the Employers must fail because Plaintiffs have alleged no facts to justify holding Interserco liable for those acts.

## V. Plaintiffs Should Be Denied Leave to Amend Because They Have Shown Any Such Amendment Would Be Futile.

Despite adding a panoply of new facts, Plaintiffs still fail to adequately state a viable claim against Interserco. Were they able to do so, Plaintiffs would have asserted the facts needed to cure the fatal deficiencies in the Complaint. In light of

this, Interserco respectfully requests that this Court deny Plaintiffs leave to amend their Complaint.

In the event the Court permits Plaintiffs to replead, however, Interserco respectfully requests that Plaintiffs be required to identify the actors responsible for each act forming a part of the conduct on which they base their claims. As the present briefing demonstrates, one of the key issues in this case is whether Interserco (and the other Defendants) are responsible for conduct by the Employers in the United States against whom Plaintiffs have already successfully litigated. For example, in the Response, Plaintiffs assert twice that the Employers confiscated Plaintiffs' passports once Plaintiffs arrived in the United States. Response [Dkt. No. 34] at 5, 13. But Plaintiffs also suggest that either Interserco or some other Defendant took their passports, presumably while Plaintiffs were still in Vietnam. *Id.* at 10. Not only do Plaintiffs make contradictory allegations such as these, they repeatedly omit to identify the actor when alleging the various mistreatments they received. *See, e.g.*, Complaint [Dkt. No. 29] at ¶¶ 24 (omitting who made Plaintiffs live in "dilapidated" apartments), 25 (omitting who allegedly threatened Plaintiffs), 26 (omitting who told Plaintiffs "their employment was being terminated"). If Plaintiffs assert that Interserco should be responsible for the actions of unrelated third-parties, Plaintiffs should identify the actors.

13

## CONCLUSION

Plaintiffs do nothing to address the reasons justifying Interserco's Motion to Dismiss. Plaintiffs do not and cannot point to any allegations that Interserco was aware of bad intent on the part of the Employers as Plaintiffs, and Plaintiffs have alleged no basis for bringing claims against Interserco for the alleged wrongs of Plaintiffs' Employers. For this, as well as all the reasons above and in Interserco's Motion, all claims should be dismissed.

DATED: December 24, 2012						Respectfully submitted,

By: /s/ *Charles S. Kelley*
Charles S. Kelley
Attorney-in-Charge
Texas Bar No. 11199580
Southern District I.D. No. 15344
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
(713) 238-2634
(713) 224-4634 FAX
Email: ckelley@mayerbrown.com

**OF COUNSEL:**

William H. Knull, III
Texas Bar No. 11636900
Southern District I.D. No. 7701
Kyle E. Friesen
Texas Bar No. 24061954
Southern District I.D. No. 1010300
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Phone: 713-238-3000
Fax: 713-238-4888
Email: wknull@mayerbrown.com
Email: kfriesen@mayerbrown.com

ATTORNEYS FOR DEFENDANT INTERSERCO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document is being automatically served on all known Filing Users in this matter through the Court's Notice of Electronic Filing Service, on this the 24th day of December, 2012, and on all parties or counsel who is not a Filing User by United States first class mail, postage prepaid.

> Anthony G Buzbee
> The Buzbee Law Firm
> JP Morgan Chase Tower
> 600 Travis, Ste 7300
> Houston, TX 77002
> 713-223-5393
> Fax: 713-223-5909
> Email: tbuzbee@txattorneys.com

> Minh Tam Tran
> The Tammy Tran Law Firm
> 2915 Fannin
> Houston, TX 77002
> 713-655-0737
> Fax: 713-655-0823
> Email: ttran@tt-lawfirm.com

                                                */s/ Kyle E. Friesen*
                                                Kyle E. Friesen