# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| THANG HONG LUU, CHIN BA NGO, HUNG VAN NGUYEN, NO HAI LE, HAI THANH PHAN, TUYEN VAN VU, HOP DUC TON, GIANG DUC TRAN, GIANGSY NGHIEM, NHAM VAN HO, HUYNH KHAC BUI, SY DUNG NGUYEN, DUC MINH NGUYEN, and JOHN DOES 1-43,[1] | § § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. 3:11-cv-00182 |
| Plaintiffs, | § | |
| vs. | § § | |
| INTERNATIONAL INVESTMENT TRADE AND SERVICE GROUP A/K/A INTERSERCO, et al., | § § § § § | |
| Defendants. | § | |

## DEFENDANT INTERSERCO'S MOTION TO DISMISS

Charles S. Kelley
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
713.238.2634
713.238.4634 (Facsimile)
ATTORNEYS FOR DEFENDANT
INTERSERCO

---

[1] Plaintiffs' Complaint no longer names Duc Minh Nguyen or John Does 1-43 as parties to this case. *See* Second Amended Compl. ¶¶ 5-16. Interserco therefore assumes these Plaintiffs have dropped their claims, though their presence should not affect the outcome of this motion.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................... 1

STANDARDS OF REVIEW .......................................................... 2

FACTUAL BACKGROUND ........................................................... 3

JUDICIAL NOTICE OF RELATED LITIGATION ................................ 5

ARGUMENT ............................................................................. 9

I.   Judicial Estoppel Prevents Plaintiffs from Blatantly Asserting Positions Inconsistent with Those Successfully Urged Against the Employers in State Court ................................................................. 9

    A.   Plaintiffs Previously Succeeded in Asserting They Relied on Representations of Coast to Coast Resources and Hung Quoc Vu, not Interserco, and Should Be Estopped from Changing Positions ............................................................................. 11

    B.   Plaintiffs Cannot Now Assert That Interserco (or TTLC) Participated in the Alleged Conditions on Which Plaintiffs Base Their Forced Labor Claims .......................................................... 12

    C.   Plaintiffs Cannot Assert That the Facts Alleged Require a Conspiracy When They Succeeded in Defending Conspiracy Claims Against Coast to Coast Resources Without Asserting Defendants' Involvement at All ........................................................ 14

II.  Plaintiffs' Deficient Pleading Provides an Independent Reason to Dismiss All Causes of Action .................................................... 16

    A.   Plaintiffs' Allegations  Demonstrate That Interserco Did Not Have Fraudulent Intent ........................................................... 16

    B.   Plaintiffs' Failure to Adequately Allege Fraud Deprives Their Other Claims of Any Support from the Defective Fraud Allegations ........................................................................... 20

    C.   Plaintiffs' Conspiracy Claim Must Be Dismissed Because Plaintiffs Merely Recite the Elements of Conspiracy Without Alleging Any Facts Showing a Meeting of the Minds or Intent ........ 21

**TABLE OF CONTENTS**

(continued)

**Page**

D.    Plaintiffs Fail to Allege Any Facts Showing the Necessary Culpable Mental State for Their Forced Labor Claims Under Both the TVPRA and the ATS ...........................................................22

III.    Plaintiffs' Asserted Principles of Attribution Are Merely Unsupported Conclusory Labels, and Any Claims Based on Them Should Be Dismissed ........................................................................................25

A.    Actual and Apparent Authority ............................................................26

B.    Respondeat Superior .............................................................................27

C.    Ratification ............................................................................................28

D.    Vice-Principal .......................................................................................29

CONCLUSION ..........................................................................................................30

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abecassis v. Wyatt*,
704 F. Supp. 2d 623 (S.D. Tex. 2010).........................................................23, 24

*Adhikari v. Daoud & Partners*,
697 F. Supp. 2d 674 (S.D. Tex. 2009).................................................................24

*Ahrens v. Perot Sys. Corp.*,
205 F.3d 831 (5th Cir. 2000) ...............................................................................10

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009)..............................................................................2, 23, 25

*Baptist Mem'l Hosp. Sys. v. Sampson*,
969 S.W.2d 945 (Tex. 1998) ..............................................................................27

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................2, 22

*Bennet v. Reynolds*,
315 S.W.3d 867 (Tex. 2010) .........................................................................29, 30

*Castillo v. First City Bancorporation of Texas*,
43 F.3d 953 (5th Cir. 1994) .................................................................................20

*Crawford v. GuideOne Mut. Ins. Co.*,
420 F.Supp.2d 584 (N.D.Tex.2006) ......................................................................6

*Ergo Science, Inc. v. Martin*,
73 F.3d 595 (5th Cir. 1996) .................................................................................12

*ERI Consulting Engineers, Inc. v. Swinnea*,
318 S.W.3d 867 (Tex. 2010) ...............................................................................21

*Facciolla v. Linbeck Constr. Corp.*,
968 S.W.2d 435 (Tex. App.—Texarkana 1998, no pet.) .............................28, 29

iii

*Folmar v. Terra Renewal, LLC*,
    No. H-09-3647, 2011 U.S. Dist. LEXIS 14840 (S.D. Tex.
    Feb. 14, 2011) ...................................................................................28, 29

*Greenstone v. Cambex Corp.*,
    975 F.2d 22 (1st Cir. 1992) ...........................................................................17

*Hall v. GE Plastic Pac. PTE, Ltd.*,
    327 F.3d 391 (5th Cir. 2003) ..................................................................10, 11

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) ..........................................................................3

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
    302 F.3d 552 (5th Cir. 2002) ........................................................................18

*Household Credit Servs., Inc. v. Driscol*,
    989 S.W.2d 72 (Tex. App.—El Paso 1998, pet. denied)...........................26, 27

*In re Enron Corp. Secs., Derivative & ERISA Litig.*,
    540 F. Supp. 2d 800 (S.D. Tex. 2007)...........................................................20

*Italian Cowboy Partners v. Prudential Ins.*,
    341 S.W.3d 323 (Tex. 2011) .........................................................................19

*Lachmund v. ADM Investor Sevs., Inc.*,
    26 F. Supp. 2d 1107 (N.D. Ind. 1998) ...........................................................26

*Limestone Prods. Distrib. v. McNamara*,
    71 S.W.3d 308 (Tex. 2002) ...........................................................................28

*Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*,
    238 F.3d 363 (5th Cir. 2001) ...................................................................21, 22

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ..........................................................................6

*New Hampshire v. Maine*,
    532 U.S. 742 (2001).................................................................................9, 10

*Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*,
    336 S.W.3d 764 (Tex. App.—Houston [1st Dist.] 2011, no pet.)....................26

iv

*Roe v. Bridgestone*,
    492 F. Supp. 2d 988,1011 (S.D. Ind. 2007)......................................................23

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*,
    365 F.3d 353 (5th Cir. 2004) ...............................................................3, 4, 5, 17

*Torch Liquidating Trust v. Stockstill*,
    561 F.3d 377 (5th Cir. 2009) ..........................................................................2

*Tuchman v. DSC Comm'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ........................................................................17

*Vasudevan Software, Inc. v. Tibco Software Inc.*,
    No. C11-06638 RS, 2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 18,
    2012) ..............................................................................................................23

*Warden v. Barnett*,
    Nos. 99-30747 & 01-30073, 2001 WL 422590 (5th Cir. Mar. 29, 2001)...........5

STATUTES

18 U.S.C. § 1595(a) .........................................................................................24, 25

OTHER AUTHORITIES

Fed. R. Civ. P. 8(a)(2).........................................................................................2

Fed. R. Civ. P. 9(b) ..........................................................................2, 16, 17, 20

Fed. R. Evid. 201(b)...........................................................................................5

## INTRODUCTION

Plaintiffs already brought claims for the same acts and the same injuries alleged in this case against two U.S. companies, Coast to Coast Resources, Inc. and ILP Agency, LLC ("the Employers") in Texas state court. After litigating those claims and obtaining judgments against the Employers, Plaintiffs now seek to shift responsibility for the very same acts and injuries to Interserco and TTLC. The doctrine of judicial estoppel precludes this abuse of the courts, and Plaintiffs' claims should be dismissed.

In addition, the allegations of the Second Amended Complaint ("Complaint") are completely inadequate to establish Plaintiffs' claims for relief. First, Plaintiffs' fraud claim cannot survive because, far from supporting the conclusion of fraudulent intent, the facts alleged suggest the speakers had ample reason to believe they were telling the truth. Second, Plaintiffs' conspiracy claim is invalid because it is based on Interserco's alleged agreement to engage in completely legal activity. Third, Plaintiffs' forced labor claims both require that Interserco knew or intended that its actions would contribute to (or derive benefit from) forced labor. But there are no factual allegations suggesting Interserco knew any such thing. Finally, Plaintiffs assert numerous legal theories of attribution but fail to allege facts to support any of them. These unsupported legal conclusions must be disregarded and any claims relying on them dismissed.

For all these reasons, the claims against Interserco should be dismissed. Interserco therefore files this Motion to Dismiss Under Rule 12(b)(6) and asks this Court to dismiss all claims against it.[2]

## STANDARDS OF REVIEW

The Complaint should be dismissed under Rule 12(b)(6) because Plaintiffs have failed to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and failed to allege fraud "with particularity," Fed. R. Civ. P. 9(b). *E.g., Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 380 (5th Cir. 2009) (affirming dismissal under Rule 12(b)(6) for failure to allege injury). Although this Court must accept factual allegations in the Complaint as true, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

To satisfy Rule 8, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this regard, the facts alleged must move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer

---

[2] The other remaining Defendant, TTLC, has still not been served with process, therefore only Interserco files this Motion. Upon receiving service, it is anticipated TTLC will join this Motion, given that the allegations against it are the same.

2

more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 566 U.S. at 679).

"To satisfy Rule 9(b)'s pleading requirements [for fraud], the plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 362 (5th Cir. 2004).

## FACTUAL BACKGROUND

The following statement assumes the truth of the facts alleged in Plaintiffs' Complaint:

Plaintiffs responded to advertisements in Vietnam for welding jobs in the United States, and sought to obtain those jobs through Defendants, including Interserco.  Compl. [Dkt. No. 42] ¶ 22. Plaintiffs were required to pay fees to Defendants and a portion of their wages to U.S. companies in order to travel to the U.S., obtain assistance with visas, be given food and lodging, and be transported to and from their job site. *Id.* Plaintiffs accepted the offer, knowing the cost, because the contracts were long term and paid $15/hour, which Plaintiffs considered "high paying." *Id.* ¶¶ 22, 23, 38. Plaintiffs did so, even though it required borrowing money and unpaid debts in Vietnam can result in imprisonment. *Id.* ¶ 21. Plaintiffs do not allege they were unaware of the terms of the agreement or the consequences

of unpaid debts, nor do they allege their acceptance of the terms was in any way coerced. *See generally id.* ¶ 23.

> Plaintiffs' allege, however, that certain individuals misrepresented that:
>
> . . . Coast to Coast and ILP would employ Plaintiffs for a specific term of thirty months in the United States, and Defendants and/or Coast to Coast and ILP would obtain the necessary work permits and visa for Plaintiffs to allow Plaintiffs to work in the United Sates for the full promised term of thirty months.
>
> [And] . . . based on the guaranteed work term of thirty months and the guaranteed pay of $15 per hour and $22.50 per overtime hour, Plaintiffs would realize approximately $120,750.00 in net earnings.

*Id.* ¶ 29. Plaintiffs allege they relied on these misrepresentations. *Id.* ¶ 30.

Once they arrived in the U.S., Plaintiffs were met by representatives of the Employers. *Id.* ¶ 24. The Employers took and kept Plaintiffs' passports. *Id.* ¶¶ 24, 32. Plaintiffs were housed, but found their housing to be in "deplorable" condition. *Id.* ¶ 24. The housing was near the "robust" Vietnamese-American community of the Greater Houston Area, but Plaintiffs still felt isolated. *Id.* The promised transportation to the work place was provided, as was weekly transportation to a grocery store. *Id.*

Plaintiffs lacked opportunities to learn English, and the driver who drove them to work and the grocery store did not speak Vietnamese. *Id.* Plaintiffs did not have access to newspapers or to locals who spoke the same language. *Id.* Plaintiffs also allege they were threatened with violence or arrest if they talked to

"outsiders." *Id.* Plaintiffs allege these threats discouraged them from interacting with "outsiders," but they do not allege who made these threats, nor what, if any, affiliation that person had with the Employers, Interserco, or TTLC. *See id.* Plaintiffs also do not allege that these threats affected their decision to earn the money promised them. *See generally id.*

Plaintiffs were terminated after eight months of work. *Id.* ¶ 26. "Plaintiffs asked questions about the guaranteed work term of thirty months," but their Employers did not answer. *Id.* Plaintiffs sued the Employers and obtained an agreed judgment of $60,178,000.00. *Id.* ¶ 2, n.2. Plaintiffs then sued Defendants in this case.

## JUDICIAL NOTICE OF RELATED LITIGATION

Plaintiffs pursued and litigated their claims against the Employers and others (collectively, the "State Court Defendants") in Cause No. 2009-14768 in the 215th Judicial District of Harris County, Texas, and obtained agreed judgments against the Employers. Interserco requests this Court take judicial notice of the content of Plaintiffs' pleadings and papers and of the state court's orders in the state court litigation. Interserco does not seek to rely on these documents as evidence of the truth of statements and assertions made therein.

This Court may properly take judicial notice under Fed. R. Evid. 201(b) of the existence and content of the records from the Plaintiffs' state court litigation

5

against the State Court Defendants. *Warden v. Barnett*, Nos. 99-30747 & 01-30073, 2001 WL 422590, at *1 n.1 (5th Cir. Mar. 29, 2001) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)) (unpublished opinion); *see also Crawford v. GuideOne Mut. Ins. Co.*, 420 F.Supp.2d 584, 588 n.1 (N.D.Tex.2006) (taking judicial notice of state court petition). Doing so does not result in conversion of the present motion under Rule 12(b). *See Lovelace*, 78 F.3d at 1018 (taking judicial notice of the content of public SEC filings at the Rule 12(b)(6) stage).

Plaintiffs' last-filed Petition, their "Ninth Amended Original Petition" (the "Petition," attached as Ex. 1), alleges the State Court Defendants committed virtually identical acts to those alleged in the Complaint against Interserco and TTLC in this case. The named Plaintiffs in this case were all parties to the Petition. *Compare* Compl. ¶¶ 5-16 *with* Ex. 1 ¶¶ 1, 3, 6-11, 13-15, 22. Plaintiffs alleged the State Court Defendants (i) advertised in Vietnam, Ex. 1 ¶ 36, (ii) promised 30 months of employment, *id.* ¶¶ 36, 48, (iii) prohibited Plaintiffs from going anywhere, *id.* ¶ 39, (iv) threatened Plaintiffs not to communicate with outsiders, *id.*, (v) terminated Plaintiffs and replaced them to obtain "a fresh set of fees," *id.* ¶ 40, (vi) falsely imprisoned and abused Plaintiffs, *id.* ¶ 41, (vii) and conspired with each other to do these things. *Id.* ¶ 60. Plaintiffs also allege that Plaintiffs (i) paid the alleged fees to the State Court Defendants, *id.* ¶¶ 36, 49, and (ii) relied on

representations of the State Court Defendants when they borrowed money to pay those fees. *Id.* ¶ 49. The alleged misrepresentations of the State Court Defendants on which Plaintiffs relied are substantively identical to the alleged misrepresentations in this case, except that now Plaintiffs attribute them to Interserco and TTLC. *Compare id. with* Compl. ¶ 29.

Plaintiffs obtained an agreed judgment against Coast to Coast Resources for their breach of contract and fraud claims in amounts per Plaintiff varying between $100,000 and $200,000, exclusive of fees and pre- and post-judgment interest. Ex. 2 (Agreed Interlocutory[3] Judgment and Dismissal with Prejudice, hereinafter "Coast to Coast Judgment") at 2-6. Plaintiffs also obtained an agreed judgment on their claims against ILP Agency, LLC in differing amounts per Plaintiff, each in excess of $1,000,000. Ex. 3 (Agreed Final Judgment and Dismissal with Prejudice, hereinafter "ILP Agency Judgment") at 2-4.

Prior to obtaining those agreed judgments, Plaintiffs successfully defeated a motion for summary judgment by Coast to Coast Resources. *See* Ex. 4 (Order Granting in Part and Denying in Part Defendants' Traditional Motion for Summary Judgment and No Evidence Motion for Summary Judgment, hereinafter "Summary Judgment Order") at 2 (denying motion for summary judgment on "all claims" as

---

[3] The judgment was "interlocutory" only because it did not dispose of claims against all parties. Ex. 2 at 6.

to Coast to Coast Resources). In their Response in Opposition to Defendants'
Traditional Motion for Summary Judgment and No Evidence Motion for Summary
Judgment ("Summary Judgment Response," attached as Ex. 5[4]), Plaintiffs took
several affirmative positions and submitted sworn testimony in defense of the
claims in their Petition.

Plaintiffs asserted that State Court Defendant Hung Quoc Vu[5] advertised in
Vietnam and solicited workers for 30- or 36-month terms of employment. Ex. 5 at
2. Plaintiffs' affidavits similarly attest, "While in Vietnam, . . . agents of Coast to
Coast, represented and promised me that I would be employed in the United States
for 30 months and would be paid $15 per hour and $22.50 per hour overtime."
*E.g.*, Ex. 5, Aff. of T.H. Luu (Ex. C to Summary Judgment Response at 37-39) ¶ 3.
The other Plaintiffs submitted nearly identical affidavits. *See generally* Ex. C to
Ex. 5. Vu also made promises regarding the terms of the workers' visas. Ex. 5 at 2.
Vu did all this on behalf of Coast to Coast Resources. *Id.*

Plaintiffs also asserted that "Coast to Coast and its agent, Hung Quoc Vu,
controlled Plaintiffs' transportation and access to the outside community," and that

---

[4] All exhibits are also included for the sake of completeness. Page numbers have
been added to Exhibits A and C for ease of reference.

[5] Hung Quoc Vu was alleged to be an agent and/or employee of the State Court
Defendants. *E.g.*, Ex. 1 ¶ 9. He is not alleged to be an agent and/or employee of
Interserco or TTLC. *See* Compl. ¶ 40.

"Coast to Coast and Vu prohibited Plaintiffs from going anywhere except where [the State Court] Defendants took them." *Id.*; *see* Ex. 5, Aff. of T.H. Luu ¶¶ 5, 6 (attesting that "Coast to Coast controlled" Plaintiffs' transportation and only provided limited transportation). And Plaintiffs asserted that the evidence in the motion was sufficient to overcome summary judgment of Plaintiffs' conspiracy claims. Ex. 5 at 17-18.

## ARGUMENT

### I.   Judicial Estoppel Prevents Plaintiffs from Blatantly Asserting Positions Inconsistent with Those Successfully Urged Against the Employers in State Court.

Plaintiffs' allegations against Interserco and TTLC contradict the assertions they made in the state court litigation to defeat summary judgment and obtain judgment against the Employers. This sort of conduct undermines the integrity of the judicial system and justifies applying judicial estoppel in the present case.

The doctrine of judicial estoppel exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotation marks and citations omitted). Although the doctrine is "not reducible to any general formulation of principle," *id.* at 750, the two conditions required by the Fifth Circuit before applying the doctrine are met in this case. First, Plaintiffs take positions in this case that are "'clearly inconsistent

with [their] previous [positions]'" in their litigation against the State Court Defendants. *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (quoting *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000)). The position in the first litigation need not expressly exclude the position in the second to be "clearly inconsistent." The Fifth Circuit rejected the plaintiffs' argument in *Hall* that the prior statements "were not unequivocal," calling it *inter alia* "contrary to Fifth Circuit Precedent." 327 F.3d at 397. *Accord Ahrens*, 205 F.3d 835 (holding different answers to identical questions in deposition were "clearly inconsistent," even though neither the question nor the answer required exclusivity).

Second, Plaintiffs "convinced [the state] court to accept [their] previous positions." *Hall*, 327 F.3d at 396. Judicial estoppel "may be applied whenever a party makes an argument 'with the explicit intent to induce the district court's reliance.'" *Id.* at 399 (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1047 (5th Cir. 1998)). In *Hall*, the Fifth Circuit affirmed the district court's finding that "in deciding the summary judgment motions . . ., the previous court 'necessarily accepted, and relied on' Hall's statements in resolving the conflict between the contradictory evidence." *Id.*

In *Hall*, the Fifth Circuit also discussed a third factor outlined by the Supreme Court decision in *New Hampshire v. Maine*—"whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an

10

unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire*, 532 U.S. at 751). Plaintiffs here seek to impose the ultimate unfair detriment by suing Interserco and TTLC for the same acts and injuries Plaintiffs previously and successfully claimed were the acts of the Employers. As a result, the doctrine of judicial estoppel justifies precluding Plaintiffs' from asserting each of the causes of action in their Complaint.

### A. Plaintiffs Previously Succeeded in Asserting They Relied on Representations of Coast to Coast Resources and Hung Quoc Vu, not Interserco, and Should Be Estopped from Changing Positions.

In the state court, Plaintiffs alleged and attested the representations they relied on were made by Coast to Coast Resources. *See* Ex. 5 at 2 (asserting Hung Quoc Vu advertised and solicited their labor on behalf of Coast to Coast Resources in Vietnam); Aff. of T.H. Luu ¶ 3 (attesting that promises regarding wages and terms of employment were attributable to Coast to Coast Resources); Ex. 1 ¶ 49 (alleging that Plaintiffs relied on statements by the State Court Defendants, including the Employers and Hung Quoc Vu). Plaintiffs further argued:

> [The State Court] Defendants induced Plaintiffs into leaving their homes and agreeing to a 30 (or 36)-month work term by promising the necessary visas for the entire period. They then violated this promise by procuring only 10-month visas—thus revealing that they fraudulently never intended to employ Plaintiffs for the entire term in the first place . . ..

Ex. 5 at 10-11. The state court relied on these assertions and sworn statements when it denied summary judgment as to all claims (including fraud) with respect to Coast to Coast Resources. *See* Ex. 4 at 2.

But now, Plaintiffs instead attribute the same alleged misrepresentations to Defendants (without distinguishing between Interserco and TTLC), asserting that they relied on those statements. Compl. ¶ 29, 30. In addition, Plaintiffs now assert they paid Defendants fees, *id.* ¶ 30, where before they asserted those fees were paid to Coast to Coast Resources. Ex. 5 at 2.

The doctrine of judicial estoppel is intended to preclude precisely this sort of "'playing fast and loose' with the courts." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996). Plaintiffs should therefore be estopped from asserting the same fraud claim against Interserco that they previously successfully asserted against Coast to Coast Resources.

### B.     Plaintiffs Cannot Now Assert That Interserco (or TTLC) Participated in the Alleged Conditions on Which Plaintiffs Base Their Forced Labor Claims.

In the state court litigation, Plaintiffs asserted that the State Court Defendants falsely imprisoned them and intentionally inflicted emotion distress on them. Ex. 1 ¶ 44. Plaintiffs asserted that Coast to Coast, through Hung Quoc Vu, controlled their transportation and prohibited them from travelling anywhere except to work, home, and (once weekly) a grocery store. *E.g.*, Ex. 5 at 2-3.

Plaintiffs asserted that the State Court Defendants threatened them with arrest or violence if they communicated with outsiders. Ex. 1 ¶ 39.

In addition, Plaintiffs asserted that Hung Quoc Vu advertised for and solicited laborers in Vietnam. Ex. 5 at 2. Plaintiffs asserted "after Plaintiffs paid Defendants the required fees, Defendants shipped Plaintiffs from Vietnam to Houston, and Plaintiffs began working." *Id.* Plaintiffs also asserted that the affidavits submitted to support this assertion overcame summary judgment on at least the asserted fraud claim. *Id.* at 15-16.

Plaintiffs successfully convinced the state court that these assertions and affidavits supported its claims against Coast to Coast Resources and succeeded in obtaining a judgment based on the claims asserted in their Petition. The state court denied summary judgment as to all claims against Coast to Coast. Ex. 4 at 2. And Plaintiffs ultimately obtained an agreed judgment against Coast to Coast Resources as to the fraud and breach of contract claims, *see* Ex. 2 at 2-6, and against ILP Agency with respect to all claims. *See* Ex. 3 at 2-4.

Now, however, it is more expedient for Plaintiffs to assert they paid fees to Interserco and TTLC. Compl. ¶ 21. Plaintiffs also conveniently fail to mention who threatened and coerced them not to have contact with outsiders. *Id.* ¶ 25. While Plaintiffs allege in parts of their Complaint that it was the Employers who "took possession of Plaintiffs' passport [sic] thereby limiting Plaintiffs [sic] mobility,"

*id.* ¶ 32; *see id.* ¶ 24 (alleging the Employers "confiscated" Plaintiffs' passports), they also allege that "Defendants confiscated Plaintiffs' passports upon arrival in the U.S." *Id.* ¶ 35.

Plaintiffs' allegations now offered in support of these claims are directly at odds with their assertions to the state court that Coast to Coast, through Hung Quoc Vu, solicited their labor in Vietnam, that Coast to Coast and Vu restricted their mobility, and that the State Court Defendants threatened them. The same is true for Plaintiffs' recent change of position regarding to whom they paid fees. Judicial estoppel therefore precludes Plaintiffs from asserting that Interserco obtained their labor, that Interserco caused their indebtedness by imposing fees, that Interserco benefited from the alleged fees, or that Interserco threatened them or restricted their freedom of movement once Plaintiffs were in the United States, such as by taking Plaintiffs' passports. The debts, threats, and limited freedom of movement are the entire bases of these claims. Compl. ¶ 32, 34, 35. Accordingly, Plaintiffs' forced labor claims cannot survive and must be dismissed.

### C.   Plaintiffs Cannot Assert That the Facts Alleged Require a Conspiracy When They Succeeded in Defending Conspiracy Claims Against Coast to Coast Resources Without Asserting Defendants' Involvement at All.

Plaintiffs previously asserted the State Court Defendants "acted in concert to bring Plaintiffs to Houston to put them to work under these contracts [with Coast to Coast Resources, attached as Exhibit A to the Summary Judgment Response]

and then to breach those contracts to the injury of Plaintiffs." Ex. 5 at 2. Plaintiffs asserted that Hung Quoc Vu advertised for and solicited them for the work to be done in the United States. *Id.* Plaintiffs asserted they paid the alleged fees to the State Court Defendants, and then the State Court Defendants "shipped Plaintiffs from Vietnam to Houston, and Plaintiffs began working" for the State Court Defendants. *Id.* And, as noted above, Plaintiffs asserted that their mistreatment was controlled by the State Court Defendants, particularly Coast to Coast Resources and Hung Quoc Vu. Throughout, Plaintiffs supported these assertions with citations to their own sworn statements. *See id.* (citing Ex. C to Summary Judgment Response). And Plaintiffs asserted that this evidence overcame summary judgment of no conspiracy. *Id.* at 18. The Court agreed and denied summary judgment against Coast to Coast Resources as to all claims. Ex. 4 at 2.

Notably absent from Plaintiffs' entire argument in defense of its state conspiracy claim is any mention of Defendants from this case. In fact, Plaintiffs previously took the position that Hung Quoc Vu acted on behalf of Coast to Coast Resources in Vietnam, Ex. 5 at 2, making Defendants' presence in the alleged scheme completely unnecessary. Plaintiffs' current position that that "scheme of luring and transporting labor from Vietnam to the U.S. ***could not be accomplished*** without the agreement and participation of actors in Vietnam (Defendants) and actors in the United States (Coast to Coat [sic] & ILP)," Compl. ¶ 38 (emphasis

15

added), is therefore directly contradicted by their position in the state court litigation.

Plaintiffs now reassign the role Hung Quoc Vu played in the alleged conspiracy (in the state court litigation) to Interserco and TTLC. This convenient re-casting of their case as they move from one court to another is precisely the kind of abuse the doctrine of judicial estoppel precludes. Accordingly, Plaintiffs' conspiracy claims should be dismissed.

## II.    Plaintiffs' Deficient Pleading Provides an Independent Reason to Dismiss All Causes of Action.

Even without invoking the doctrine of judicial estoppel, Plaintiffs' allegations are woefully inadequate. Plaintiffs' failure to meet the pleading requirements of Rule 8 and, where necessary, Rule 9(b) therefore merit dismissal, even assuming this Court does not reach the question of estoppel.

### A.    Plaintiffs' Allegations  Demonstrate That Interserco Did Not Have Fraudulent Intent.

Rather than supporting a conclusion of fraudulent intent, Plaintiffs' factual allegations tend to show that the speakers[6] reasonably believed the truth of the alleged misrepresentations when they were made. Accordingly, there are no allegations from which to conclude that, at the time the statements were made, the

---

[6] Plaintiffs name the individuals Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu as having made the statements. Compl. ¶ 29.

speakers had any reason to believe they were false. In addition, Plaintiffs allege the speakers "are employees and/or agents of Defendants," but do not allege which Defendant they are employees and/or agents of, do not allege any facts supporting the assertion of agency, nor any facts tending to show that these individuals were acting in the scope of their employment when making the alleged misrepresentations. This falls fatally short of the pleading requirements Rule 9(b) imposes on plaintiffs asserting fraud claims.

To meet the requirements of Rule 9(b) and "plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (citing *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992)). "[A] complaint's general averment of the defendant's 'knowledge' of material falsity" is inadequate, "unless the complaint ***also*** sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Greenstone*, 975 F.2d at 25 (emphasis in original). Moreover, "the required state of mind must actually exist in the individual making (or being a cause of the making of) the misrepresentation, and may not simply be imputed to that individual on general principles of agency." *Southland Sec. Corp.*, 365 F.3d at 366.

Plaintiffs allege they were told they would receive travel and housing. Compl. ¶ 22. Plaintiffs allege those were provided. *See id.* ¶ 24 (alleging Plaintiffs

17

"were flown from Vietnam to Texas" and given apartments to live in). Plaintiffs also allege they were told they would receive visas and certain hourly wages. *Id.* ¶ 29. There are no allegations in the Complaint Plaintiffs did not receive their visas and hourly wages for work performed. Plaintiffs allege they were told they would be employed for 30 months, *id.*, and they were employed, though only for 8 months. *Id.* ¶ 26.

Plaintiffs' alleged employment contract was not with Interserco, but with the Employers. Compl. ¶ 2 (alleging Interserco offered Plaintiffs an "opportunity to work for . . . Coast to Coast Resources, Inc. and ILP Agency, LLC"), *id.* ¶ 22 (alleging the promised job was "with Coast to Coast"). And it was therefore the Employers' breach that made this statement false, not any action by the Interserco or TTLC.

Plaintiffs seek to turn this subsequent breach by the Employers into fraud on Interserco's part. But the Complaint lacks any factual allegations suggesting any of the named individuals who allegedly made misstatements knew the Employers would breach their contracts.

"[A] promise of future performance constitutes actionable fraud ***only if*** 'the promise was made with no intention of performing at the time it was made.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564 (5th Cir. 2002) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960

S.W.2d 41, 48 (Tex.1998)) (emphasis added). And fraud requires that the speaker (1) know he is speaking falsely or (2) be reckless as to the truth of his affirmative statements. *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011). It follows that any representation of the Employers' promise can only be fraud if the speaker was at least reckless in representing the Employers' future intentions.

Given the existence of a contract obligating the Employers to employ Plaintiffs for thirty months,[7] Interserco was entirely reasonable in believing that the term of employment would be what the contract promised. In addition, Plaintiffs were employed and paid for eight months before the Employers' breach of contract. This suggests the outward signs, at least, of the Employers' conduct did not communicate the intention to breach the agreement when it was made.

Plaintiffs' allegations therefore support the conclusion that the alleged misrepresentations were not, in fact, fraudulent. At the very least, they are devoid of any factual allegations suggesting that the statements were made with fraudulent

---

[7] Even assuming Plaintiffs are not estopped from asserting their fraud claim in its entirety, Plaintiffs should, at a minimum, be estopped from denying that the contracts attached as Exhibit A to the Summary Judgment Response governed Plaintiffs' employment with Coast to Coast Resources. *See* Ex. 5 at 14 ("There is some evidence of an enforceable contract in terms of the contacts [sic] themselves, as well as affidavits of Plaintiffs.") (citing Exhibits A & C to Ex. 5).

intent by the alleged speakers. In either case, the requirements of Rule 9(b) have not been met, and Plaintiffs' fraud claim must be dismissed.

### B. Plaintiffs' Failure to Adequately Allege Fraud Deprives Their Other Claims of Any Support from the Defective Fraud Allegations.

Plaintiffs base their claims for forced labor in part on the defectively alleged fraud and the resulting debt they undertook. *See* Compl. ¶¶ 32, 34 (asserting "fraudulent scheme," "false promises," and resulting "debt" form basis for claims). And Plaintiffs base their conspiracy claim on the alleged fraud and forced labor. *See id.* ¶ 37 ("Each cause of action plead herein sets forth the acts pursued in furtherance of the conspiracy."). Because the fraud is inadequately alleged, however, neither the forced labor nor the conspiracy claims may be premised on fraud.

This is because Rule 9(b)'s requirement for particularity when "alleging fraud" is not, by its own terms, limited to fraud claims. Instead, when any claim for relief relies on allegations of fraud, those allegations must satisfy the requirements of Rule 9(b). *See, e.g., Castillo v. First City Bancorporation of Texas*, 43 F.3d 953, 961 (5th Cir. 1994) (applying Rule 9(b) to claims for conspiracy to commit fraud); *In re Enron Corp. Secs., Derivative & ERISA Litig.,* 540 F. Supp. 2d 800, 827 (S.D. Tex. 2007) (imposing the Rule 9(b) standard on a negligent misrepresentation claim where "Plaintiffs have relied on the same factual representations for their negligent misrepresentation and fraud claims, and they

20

have made no attempt here to distinguish the two causes of action"). Under Fifth Circuit law, this Court should therefore "disregard averments of fraud not meeting Rule 9(b)'s standard" when determining the sufficiency of other claims. *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

### C. Plaintiffs' Conspiracy Claim Must Be Dismissed Because Plaintiffs Merely Recite the Elements of Conspiracy Without Alleging Any Facts Showing a Meeting of the Minds or Intent.

The Complaint omits any facts supporting the conclusion that Interserco and the Employers agreed to pursue any unlawful purpose or to pursue any lawful purpose by unlawful means, which is a required element of conspiracy. *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 975 (Tex. 2010). A conspiracy also requires specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Id.*

The purported "scheme" of "luring and transporting labor from Vietnam to the U.S.," Compl. ¶ 38, is not, in itself, unlawful. In addition, there are no factual allegations that the "scheme" included an agreement (or that Interserco intended) to use unlawful means. First, Plaintiffs' inadequately pleaded fraud allegations, *see id.* ¶¶ 37-38, must be set aside, *Lone Star Ladies Inv. Club*, 238 F.3d at 368. And, second, there are no allegations from which to conclude Interserco had a meeting of the minds or agreement with the Employers regarding Plaintiffs' alleged mistreatment by the Employers in the United States. Otherwise, Plaintiffs merely

state the requirements for conspiracy and assert that Defendants, including Interserco, meet them, *see* Compl. ¶¶ 36-38, which is patently inadequate to support a conspiracy claim. *See Twombly* 550 U.S. at 556-57. Because there are no factual allegations showing Interserco had any part in an agreement to engage in the only alleged unlawful acts, the conspiracy claim must be dismissed.

### D.   Plaintiffs Fail to Allege Any Facts Showing the Necessary Culpable Mental State for Their Forced Labor Claims Under Both the TVPRA and the ATS.

Plaintiffs' forced labor claims also suffer from a critical and fatal flaw. Absent a culpable state of mind, Interserco's alleged acts underlying those claims—recruiting and transporting Plaintiffs for work in the United States—are completely legal. Plaintiffs completely failed to allege the state of mind that makes those otherwise legitimate acts reprehensible. Even assuming the allegations in the Complaint are true,[8] there are no factual allegations to support the conclusion Interserco (or TTLC) knowingly benefited from or intended Plaintiffs' alleged mistreatment by their Employers, and Plaintiffs claims must therefore be dismissed.

---

[8] Again, Plaintiffs' inadequately pleaded fraud claims should be disregard. *Lone Star Ladies Inv. Club*, 238 F.3d at 368. In the case of Plaintiffs' forced labor claims, however, Plaintiffs failed to allege any facts from which to conclude Interserco knew or should have known (let alone intended) that Plaintiffs would suffer the conditions alleged to be forced labor.

Under the Rule 8 standard for pleading, Plaintiffs' must allege facts to support any legal conclusion, including knowledge or other states of mind. *See Iqbal*, 556 U.S. at 683 (holding plaintiff's pleading failed to "meet the standard necessary to comply with Rule 8" where it did not allege facts to support discriminatory intent); *Vasudevan Software, Inc. v. Tibco Software Inc.*, No. C11-06638 RS, 2012 U.S. Dist. LEXIS 69952, at \*14 (N.D. Cal. May 18, 2012) ("[Plaintiff's] failure to plead any facts directed to showing actual knowledge is hardly a technicality.").

Plaintiffs' ATS[9] claim is based on allegations that Defendants recruited them for work that was, allegedly, forced labor. That claim is "inherently accessorial" in nature because the alleged, otherwise legal acts only become unlawful when they support a violation of international law. *See Abecassis v. Wyatt*, 704 F. Supp. 2d 623, 655 (S.D. Tex. 2010) (holding claims of providing material support for terrorism were either claims based on aiding and abetting liability or, as direct claims, were "inherently accessorial"). In *Abecassis*, the court held funding organizations that support terror may violate other laws, but only violate international law if done with the purpose of supporting terror. *See id.* at 655-56 (dismissing ATS claims where the allegations "do not support a plausible inference

---

[9] "ATS" refers to the Alien Tort Statute, 28 U.S.C. § 1350, which gives federal courts jurisdiction over claims by aliens for torts in violation of international law.

that any defendant acted with the purpose of assisting terrorist acts"). By analogy, forced labor may be a violation of international law, *see, e.g., Roe v. Bridgestone*, 492 F. Supp. 2d 988,1011 (S.D. Ind. 2007), but recruiting and transporting workers is, in itself, a lawful act, though it could conceivably violate international norms if done to aid and abet other violations. According to the court in *Abecassis*, the standard for aiding and abetting violations of international law is one of purpose,[10] not merely knowledge. *Id.* ("[N]o . . . [international] consensus exists for imposing liability on individuals who *knowingly* (but not purposefully) aid and abet a violation of international law.'") (quoting *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 259 (2nd Cir. 2009)) (emphasis in original). Accordingly, Interserco's alleged acts can only be a violation of international law if done with the intent to support forced labor.

Plaintiffs also assert a violation of 18 U.S.C. § 1595(a), which provides:

> An individual who is a victim of a violation may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States . . ..

18 U.S.C. § 1595(a). This Court previously explained that, for a violation of this section, "[p]laintiffs must allege and provide support for the contention that

---

[10] "Purpose," as used in *Abecassis*, appears synonymous with "intent."

Defendants . . . knowingly benefited from forced labor." *Adhikari v. Daoud &*
*Partners*, 697 F. Supp. 2d 674, 684 (S.D. Tex. 2009). In addition, the plain
language of section 1595(a) requires "participation in a venture which . . . has
engaged in an act in violation of [Chapter 77 of Title XVIII]." 18 U.S.C. § 1595(a).

Entirely absent from the Complaint are any factual allegations to support the
conclusion Interserco should have known, let alone knew or intended, that
Plaintiffs would be subjected to the treatment alleged suffered at the hands of the
Employers while in the United States. And there are no allegations that, at the time
Interserco allegedly benefited (*i.e.*, received fees), the alleged "venture" had ever
previously engaged in acts violating any provision of Chapter 77, as required for
the section 1595 claim. The complete absence of these critical elements is fatal to
Plaintiffs' forced labor claims under both the ATS and the TVPRA. As a result,
those causes of action must be dismissed.

## III.   Plaintiffs' Asserted Principles of Attribution Are Merely Unsupported Conclusory Labels, and Any Claims Based on Them Should Be Dismissed.

Plaintiffs supply a long list of legal doctrines—actual or apparent authority,
ratification, respondeat superior, and vice-principal—but the Complaint is utterly
devoid of facts supporting the key elements of these doctrines. Instead, Plaintiffs
merely "assert that Coast to Coast Resources, Inc., ILP Agency, LLC," and several
named individuals "are employees and/or agents of Defendants." Compl. ¶ 41.
These unsupported legal conclusions are entitled to no credit in this Court's

analysis of the claims. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Lachmund v. ADM Investor Sevs., Inc.*, 26 F. Supp. 2d 1107, 1115 (N.D. Ind. 1998) (dismissing fraud claim where the basis rested entirely on a legal conclusion of agency).

### A.    Actual and Apparent Authority

In order for either actual or apparent authority to apply, Plaintiffs must allege facts supporting an agency relationship between Interserco and the Employers. *See, e.g., Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 783 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (describing "actual and apparent authority" as theories by which a "principal [may be] liable for the acts of another *acting as its agent*") (emphasis added). Plaintiffs allege no facts to support the existence of an agency relationship between Interserco and the Employers, and this is fatal to any claim based on actual or apparent authority.

"Authorization to act and control of the action are the two essential elements of agency." *Reliant Energy Servs.*, 336 S.W.3d at 783. In particular, Texas courts have described "the right of control" has been described as "the most fundamental" factor in determining the existence of an agency relationship. *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 86 (Tex. App.—El Paso 1998, pet. denied).

Even entertaining reasonable inferences from the facts alleged, there is no basis from which to conclude that Interserco controlled the manner in which the Employers provided housing or transportation nor the manner in which Plaintiffs' employment was terminated. Most importantly, there are absolutely no allegations identifying who threatened Plaintiffs, let alone that Interserco ever authorized or controlled such acts. Since control and authorization are requirements for agency, and neither of these facts is sufficiently alleged, there can be no agency. Without agency, there can be no apparent or actual authority.

### B.   Respondeat Superior

The lack of control is similarly fatal to any assertion of respondeat superior. The doctrine of respondeat superior subjects a principal to liability for the acts of an ***agent or employee***. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). As already established, Plaintiffs allege no facts that could support the conclusion that the Employers or the unidentified individuals who allegedly threatened Plaintiffs acted as Interserco's agents.[11] Nor do Plaintiffs allege any facts to support the conclusion that those entities or individuals are employees of

---

[11] Plaintiffs allege that the named individuals who made purported misrepresentations were employees of either Interserco or TTLC, though there are no factual allegations suggesting those statements were made in the scope of the individuals' employment. Since the only actions attributed to those individuals relate to Plaintiffs' defective fraud claim, that purported relationship is irrelevant to the forced labor claims.

Interserco, which requires "the right to control the progress, details, and methods of operations of the [employees'] work." *Limestone Prods. Distrib. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002).

### C. Ratification

Plaintiffs also fail to allege any facts to support the inference that Interserco "retain[ed] the benefits of [an unauthorized] transaction after acquiring full knowledge" of the transaction, which is required for ratification. *Folmar v. Terra Renewal, LLC*, No. H-09-3647, 2011 U.S. Dist. LEXIS 14840, *17 (S.D. Tex. Feb. 14, 2011) (quoting *Land Title Co. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980)); *see Facciolla v. Linbeck Constr. Corp.*, 968 S.W.2d 435, 442 (Tex. App.—Texarkana 1998, no pet.) (finding no retained benefit where the allegedly ratified act neither increased nor decreased the value of an investment for the purportedly ratifying investor). No allegations suggest Interserco received any benefits from the Employers' alleged misconduct after learning of the Employers' acts. The only benefit Interserco allegedly received (*i.e.*, the fees allegedly paid) was received **before** the alleged acts took place, and retaining those fees cannot be a ratification of the later acts. *See Folmar*, 2011 U.S. Dist. LEXIS 14840 at *18-19 (denying summary judgment that a settlement agreement was ratified when the benefit, grass seed that allegedly formed part of the settlement offer, was apparently received "many months **before** the settlement offer was even made") (emphasis added).

28

Moreover, Plaintiffs fail to allege that Interserco "received any greater return . . . or suffered fewer losses" as a result of the Employers' alleged conduct than Interserco would otherwise have received. *Facciolla*, 968 S.W.2d at 442. Therefore the facts do not support applying the doctrine of ratification.

### D.    Vice-Principal

Finally, there can be no serious contention that any of the Employers or named individuals are adequately alleged to be vice-principals. Even if the Court were to credit conclusory allegations of agency or employment, a vice-principal "represents the corporation in its corporate capacity, and includes persons who have authority to employ, direct, and discharge servants of the master, and those to whom a master has confided the management of the whole or a department or division of his business." *Bennet v. Reynolds*, 315 S.W.3d 867, 883 (Tex. 2010) (quoting *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999)). There are no allegations whatsoever to indicate that any of the alleged wrongdoers were corporate officers of Interserco, had the power to hire, fire or direct the employees of Interserco, undertake nondelegable duties, or manage the affairs of an entire division of Interserco' business enterprise. *See id.* at 884 (citing *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 250 n.1 (Tex.2009)).

## CONCLUSION

Despite obtaining judgments against their former employers, Coast to Coast Resources, Inc. and ILP Agency, Plaintiffs seek an unjustified recovery for the same acts by substituting Interserco and TTLC for the State Court Defendants. This abuse of the court system should be precluded by invoking judicial estoppel. In addition, Plaintiffs' Complaint fails to adequately allege any of the asserted claims. Interserco therefore respectfully requests that this Court dismiss the Second Amended Complaint as to it for failure to state a claim for which relief can be granted.


DATED: June 20, 2013                           Respectfully submitted,

                                               By: /s/ *Charles S. Kelley*
                                               Charles S. Kelley
                                               *Attorney-in-Charge*
                                               Texas Bar No. 11199580
                                               Southern District I.D. No. 15344
                                               MAYER BROWN LLP
                                               700 Louisiana Street, Suite 3400
                                               Houston, Texas 77002-2730
                                               (713) 238-2634
                                               (713) 224-4634 FAX
                                               Email: ckelley@mayerbrown.com

**OF COUNSEL:**

William H. Knull, III
Texas Bar No. 11636900
Southern District I.D. No. 7701
Kyle E. Friesen
Texas Bar No. 24061954
Southern District I.D. No. 1010300
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Phone: 713-238-3000
Fax: 713-238-4888
Email: wknull@mayerbrown.com
Email: kfriesen@mayerbrown.com

**ATTORNEYS FOR DEFENDANT
INTERSERCO**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document is being automatically served on all known Filing Users in this matter through the Court's Notice of Electronic Filing Service, on this the 20th day of June, 2013, and on all parties or counsel who is not a Filing User by United States first class mail, postage prepaid.

Anthony G Buzbee
The Buzbee Law Firm
JP Morgan Chase Tower
600 Travis, Ste 7300
Houston, TX 77002
713-223-5393
Fax: 713-223-5909
Email: <u>tbuzbee@txattorneys.com</u>

Minh Tam Tran
The Tammy Tran Law Firm
2915 Fannin
Houston, TX 77002
713-655-0737
Fax: 713-655-0823
Email: <u>ttran@tt-lawfirm.com</u>

/s/ *Kyle E. Friesen*
Kyle E. Friesen

32