IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THANG HONG LUU, BA DINH BACH, HUYNH KHAC BUI, THANG VAN CHU, NHAM VAN HO, NO HAI LE, GIANG SY NGHEIM, CHIN BA NGO, BACH TUAN NGUYEN, DUC MINH NGUYEN, DUNG TIEN NGUYEN, HUNG VAN NGUYEN, HAI THANH PHAN, HOP DUC TON, NAM HUU TRAN, TIEN VAN TRINH, TUYEN VAN VU, TAM VIET LE, LONG PHI VU, and SY DUNG NGUYEN | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:11-cv-00182 |
| VS. | § § | |
| INTERNATIONAL INVESTMENT TRADE AND SERVICE GROUP A/K/A INTERSERCO, TOURIST, TRADE, and LABOR EXPORT JOINT STOCK COMPANY A/K/A TTLC | § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1.    People all over the world still desire to come to the United States to pursue the American dream. Unfortunately, there are also scheming and mendacious entities and individuals all over the world who prey on this desire.

2. This is an action brought by more than fifty Vietnamese laborers seeking to expose an international human trafficking conspiracy.[1] The Plaintiffs in this case were defrauded. Through deception, Plaintiffs were lured into the United States with the promise of high paying jobs, but instead were housed like animals, and treated as indentured servants by Defendant International Investment Trade and Service Group ("Interserco") and Defendant Tourist, Trade and Labor Export Joint Stock Company ("TTLC"). Defendants are part of an international human trafficking ring. As illustrated in the 2012 Report of the U.S. Department of State, Interserco's illegal purpose was to lure Vietnamese laborers like Plaintiffs into a scheme, whereby, for a large fee, the laborers would be brought to the United States from Vietnam and given the opportunity to work for Interserco's American co-conspirators, Coast to Coast Resources, Inc. and ILP Agency, LLC, for a designated period—30 months—before returning to their homeland.[2] Defendants' conduct violates the Trafficking Victims Protection Reauthorization Act (TVPRA) of 2005, Alien Torts Claims Act, 28 U.S.C. 1350, and other federal and state laws.[3]

---

[1] Vietnam has been placed in the Tier 2 Watch List in 2011 and 2012 for not fully complying with the Trafficking Victims Protection Act's minimum standards for the elimination of trafficking. *See* U.S. Dept. of State, *Trafficking in Persons Report* (2012), available at http://www.state.gov/j/tip/rls/tiprpt/2012/192368.htm and U.S. Department of State, *Trafficking in Persons Report* (2011), available at http://www.state.gov/j/tip/rls/tiprpt/2011/164233.htm. Exhibits A & B.

[2] Defendants' U.S. Agent co-conspirators Coast to Coast Resources, Inc. and ILP Agency, LLC were sued in March 2009 in the 215th Judicial District Court in Harris County. After two years of intense litigation with many depositions and hearings, an agreed judgment in the amount of $60,178,000.00 was entered. Exhibits C & D.

[3] The U.S. Department of Justice and Immigration and Customs Enforcement ("ICE") has investigated this case, and the laborers have been granted T Visas, which allows certain victims of human trafficking and immediate family members to remain and work temporarily in the United States if they agree to assist law enforcement in testifying against the perpetrators.

## JURISDICTION

3. Plaintiffs are bringing claims under federal statutes, thus invoking 28 U.S.C. § 1331.

## VENUE

4. Venue is proper in this matter because many of the Plaintiffs named herein reside in Galveston County, the conduct giving rise to this action occurred here, in part, and because Defendants do business in this District.

## PARTIES

5. Plaintiff Thang Hong Luu is a resident of Galveston County, Texas.

6. Plaintiff Ba Dinh Bach is a resident of Mississippi.

7. Plaintiff Huynh Khac Bui is a resident of Louisiana.

8. Plaintiff Thang Van Chu is a resident of Harris County, Texas.

9. Plaintiff Nham Van Ho is a resident of Louisiana.

10. Plaintiff No Hai Le is a resident of Galveston County, Texas.

11. Plaintiff Giang Sy Nghiem is a resident of Galveston County, Texas.

12. Plaintiff Chin Ba Ngo is a resident of Galveston County, Texas.

13. Plaintiff Bach Tuan Nguyen is a resident of Texas.

14. Plaintiff Duc Minh Nguyen is a resident of Texas.

15. Plaintiff Dung Tien Nguyen is a resident of Texas.

16. Plaintiff Hung Van Nguyen is a resident of Galveston County, Texas.

17. Plaintiff Hai Thanh Phan is a resident of Galveston County, Texas

18. Plaintiff Hop Duc Ton is a resident of Louisiana.

19. Plaintiff Nam Huu Tran is a resident of Pennsylvania.

20. Plaintiff Tien Van Trinh is a resident of Texas.

21. Plaintiff Tuyen Van Vu is a resident of Galveston County, Texas.

22. Plaintiff Tam Viet Le is a resident of Harris County, Texas.

23. Plaintiff Long Phi Vu is a resident of California.

24. Plaintiff Sy Dung Nguyen is a resident of Galveston County, Texas.

25. Defendant, International Investment Trade and Service Group a/k/a Interserco ("Interserco"), is a Vietnamese Company. Interserco has been served and has entered an appearance herein.

26. Defendant, Tourist, Trade and Labor Export Joint Stock Company a/k/a TTLC ("TTLC"), is a Vietnamese Company. TTLC has agreed to allow its attorneys to accept service on its behalf. It can be served with process through its attorneys, Charles S. Kelley or Kyle E. Friesen, Mayer Brown LLP, 700 Louisiana St. Suite 3400, Houston, Texas 77002.

## **RELEVANT FACTS**

27. Plaintiffs are Vietnamese nationals. Lured by the Defendants with the promise of good paying jobs, Plaintiffs were transported nearly ten thousand miles from their homeland, and made to work in a circumstance that can only be described as indentured servitude. After collecting exorbitant fees to bring them here, Defendants, through their co-conspirators, then deserted the Plaintiffs, leaving them penniless and facing possible deportation. Defendants preyed on Plaintiffs. Defendants took advantage

of the fact that Plaintiffs were among the many poor, unsophisticated laborers that constitute over 95% of the working population of Vietnam.

28.  Since the normalization of relations between the United States and Vietnam, many Vietnamese companies have added to their business lines the exportation of labor.  Vietnam has become a popular source country for men and women who migrate for work through informal networks and through state-owned and private labor export companies in the construction, fishing, or manufacturing sectors.  Vietnam exports over 85,000 laborers each year.  Revenues from such exceed $2 billion annually.  Defendants TTLC and Interserco are in this business.  These entities are owned, in part, by the Vietnamese Government.

29.  Sometime in early 2008, Defendants advertised on Vietnamese television that high paying jobs for welders were available in the United States.  Plaintiffs responded to those ads.  Upon meeting with principals from both Defendants, Plaintiffs learned that, in order to obtain the thirty-month jobs, they would need to pay Interserco or TTLC a flat fee, ranging from $7,000 to $15,000, an enormous sum by Vietnam standards where the average yearly income is approximately $1,000.  To raise the sums necessary to pay this fee for the "opportunity" to work in the U.S., Plaintiffs were forced to obtain loans at usurious interest rates.  To secure these loans, Plaintiffs were required to turn over the deeds to their home to Defendants.  Plaintiffs were effectively ensnared in Defendants' trafficking scheme at that point because only by working for Defendants for the duration of the 30 month term, could Plaintiffs repay their usurious debt and avoid

losing their home. Moreover, failure to repay a debt under Vietnam law could result in incarceration.

30. Additionally, Plaintiffs were required to pay a portion of their wages earned in the United States to Defendants' co-conspirators. In return, Interserco, through their principals and employees, promised and represented to Plaintiffs that Defendants would provide each Plaintiff with (a) travel to the U.S., (b) work visas covering the full 30-month period, (c) lodging in the U.S., and (d) a high paying job (realizing approximately $120,000) with Coast to Coast in the U.S. Plaintiffs relied on these representations and promised and agreed to the venture despite the high costs and fees demanded by Defendants. In order to pay Defendants their demanded fees, several Plaintiffs provided Defendants with a deed of trust to their homes. Plaintiffs paid the required monies, up front, to principals of both Defendants. Each Plaintiff received a receipt acknowledging payment on Defendants' letterhead.

31. Plaintiffs were induced into this scheme based on misrepresentations and false promises made by Defendants, through their principals and employees, regarding high paying jobs in the U.S. Based on Defendants' misrepresentations regarding the amount of money they could make in the U.S., Plaintiffs paid the initial required fees to Defendants.

32. After paying the required monies to the Defendants, Plaintiffs—along with many other similar laborers—were flown by Defendants from Vietnam to Texas. Upon arriving in Texas, Plaintiffs were met by Defendants' co-conspirators—Coast to Coast Resources, Inc. and ILP Agency, LLC and Plaintiffs' passports were confiscated and kept

6

by Defendants' co-conspirators.  In Houston, Plaintiffs learned that they would be working for companies near the Houston Ship Channel.  However, despite the promise of comfortable and adequate lodging, Plaintiffs and the other laborers were divided into groups of four and each group was made to live in a run-down, dilapidated two-bedroom apartment in Pasadena, Texas.  Living conditions at the apartment complex were deplorable.

33.    Plaintiffs' days were filled with hard work and dreary, isolated living. Every day, a driver shuttled Plaintiffs and the other laborers between work and the apartments; the driver was of Hispanic origin and did not speak Vietnamese, thus ensuring that there would be no communication between Plaintiffs and any outsiders. Once a week, a driver drove Plaintiffs and other laborers to a supermarket to buy groceries.  Transportation was not provided to any other destination or for any other purpose, even church or temple.  Plaintiffs had little to no contact with the outside world, other than the ones directed by Defendants.  Moreover, Plaintiffs were repeatedly threatened that if they had contact with outsiders they would be arrested or subjected to violence.  Consequently, due to the repeated threats and coercion, even in the rare instance when Plaintiffs interacted with outsiders, they did so secretly, never revealing their status as an indentured, export laborer.  Plaintiffs and their fellow laborers, though living near the robust Greater Houston Vietnamese-American community, were in essence stranded and isolated.

34.    During the week of February 23, 2009—only eight months into Plaintiffs' promised thirty month work term—Plaintiffs and the other laborers were told that their

employment was being terminated and that Friday, February 27, 2009 was to be their last day on the job. Plaintiffs were also told that they would need to pack their few belongings so they could be flown back to Vietnam immediately. When Plaintiffs asked questions about the guaranteed work term of thirty months and the validity of their visa for the full period, Defendants' co-conspirators simply refused to answer. By terminating Plaintiffs after only eight months into the promised thirty month work term, Plaintiffs were not able to recoup their down payments and expenses, much less make any money for themselves and their families. Additionally, on information and belief, Defendants terminated Plaintiffs and the other laborers and replaced them with a new set of hopeful, unsuspecting laborers from whom a fresh set of fees (and essentially free labor) could be collected under this fraudulent scheme.

35. Due to Defendants' wrongful conduct, Plaintiffs were subject to financial distress and deportation. Further, because they were unable to earn any money as promised, Plaintiffs are in danger of losing their houses and other meager possessions in Vietnam. More importantly, because Defendants are in part owned by the government, Plaintiffs fear for their lives and the lives of their families in Vietnam.

## CAUSES OF ACTION

**Fraud and Fraudulent Inducement**

36. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

8

37. Defendants through their employees and representatives in Vietnam, including Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu made many material misrepresentations to each Plaintiff including:

> a. Defendants represented that their co-conspirators Coast to Coast and ILP would employ Plaintiffs for a specific term of thirty months in the United States, and Defendants and/or Coast to Coast and ILP would obtain the necessary work permits and visa for Plaintiffs to allow Plaintiffs to work in the United Sates for the full promised term of thirty months.
>
> b. Defendants represented that, based on the guaranteed work term of thirty months and the guaranteed pay of $15 per hour and $22.50 per overtime hour, Plaintiffs would realize approximately $120,750.00 in net earnings.

38. The representations described above were made in Vietnam with the intent to induce Plaintiffs to consummate the transaction and pay Defendants their exorbitant fees. Plaintiffs relied on the misrepresentations to their detriment by paying Defendants the monies demanded and by pledging their homes and borrowing monies at usurious interest rates to give Defendants the required down payments.

**Trafficking Victims Protection Reauthorization Act (TVPRA) of 2005**

39. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

40. Defendants, in concert with their co-conspirators, knowingly procured, obtained and benefited from Plaintiffs' labor and services through means prohibited by statute and in violation of 18 U.S.C. § 1595(a). Defendants ensnared Plaintiffs in their fraudulent scheme by promising jobs that would realize each Plaintiff in excess of $120,000 in return for fees of $7,000 to $15,000. To pay these exorbitant fees, Plaintiffs were forced to take on debt at usurious rates and were forced to pledge their home as

security for the debt.  In many instances, Defendants took possession of the deeds to Plaintiffs' home.  Plaintiffs had no choice but to work for Coast to Coast until they had earned enough wages to repay the debt and interests they had incurred.  Not only would Plaintiffs stand to lose their home, Plaintiffs faced incarceration under Vietnam law if they failed to repay the debt they had incurred to pay Defendants' fees.  Moreover, upon arrival in the U.S., Defendants' co-conspirators took possession of Plaintiffs' passport thereby limiting Plaintiffs mobility.  Plaintiffs are thus entitled to compensatory damages, attorneys' fees, and punitive damages.

**Alien Torts Claims Act, 28 U.S.C. 1350**

41.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

42.     Defendants conduct is in violation of international laws and treaties, and caused Plaintiffs damage.  Plaintiffs were deceived with false promises about the types of and terms of their work in the U.S.  Also, in order to be selected for this scheme, Plaintiffs were required to incur a debt with a usurious interest rate and were forced to pledge their homes.  Defendants confiscated the deeds to Plaintiffs' home and travel documents.  Additionally, Defendants compelled Plaintiffs to continue to work with threats of imprisonment of Plaintiffs and their family members in Vietnam, if they left their jobs.

43.     Plaintiffs' freewill was overcome by the fear that unless Plaintiffs continued working for Defendants, Plaintiffs would be unable to pay their usurious debt and prevent the forfeiture of their homes back in Vietnam.  Plaintiffs were threatened

10

with imprisonment, financial penalties, denunciation to authorities, and deportation to ensure Plaintiff's continued labor. To further ensure Plaintiffs' labor, Defendants confiscated Plaintiffs' passports upon arrival in the U.S. Plaintiffs thus seek compensatory and all damages allowable under law.

**Conspiracy and Civil Conspiracy**

44. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

45. Defendants were members of a combination of two or more persons whose objective was to accomplish an unlawful purpose and/or a lawful purpose through unlawful means as alleged *supra*. Defendants had a meeting of the minds through knowledge and agreement among them to conspire on an objective course of action. One or more of Defendant(s) committed an unlawful, overt act in furtherance of the object or course of action, including committing fraud and fraud in the inducement as alleged *supra*. As such, Defendants are jointly and severely liable for all acts done by any of them in furtherance of the unlawful combination. Each cause of action plead herein sets forth the acts pursued in furtherance of the conspiracy.

46. In concert with their co-conspirators, Defendants represented that for a fee Plaintiffs would have a job in the United States for a term of thirty months at $15 per hour and $22.50 per overtime hour. Defendants further represented that Plaintiffs' work permit visas would be guaranteed for the full duration of the thirty-month work term. In addition, Defendants represented that Plaintiffs would have suitable lodging and transportation in the United States. Defendants' representations were false. Defendants'

conduct caused Plaintiffs significant damages. The scheme of luring and transporting labor from Vietnam to the U.S. could not be accomplished without the agreement and participation of actors in Vietnam (Defendants) and actors in the United States (Coast to Coat & ILP).

**Actual and Apparent Authority / Ratification / Vice-Principal**

47. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

48. Plaintiffs assert that Coast to Coast Resources, Inc., ILP Agency, LLC, Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu are employees and/or agents of Defendants. Therefore, these Defendants are vicariously liable to Plaintiffs for the tortuous acts committed by Coast to Coast Resources, Inc., ILP Agency, LLC, Son Dinh Duong, Toan Tien Phung, Dung Tri Nguyen, Phung Thi Nguyen, and Vo Hoang Nu on behalf of these Defendants either under the theories of actual authority, apparent authority, *respondeat superior*, ratification, and/or vice-principal.

49. Plaintiffs have satisfied all conditions precedent.

## ACTUAL DAMAGES

50. As a direct, proximate, and producing cause of Defendants' conduct, Plaintiffs have suffered actual and consequential damages within the jurisdictional limits of the Court, including but not limited to, mental anguish in the past and future, lost profits, and loss of income.

51. Plaintiffs also seek attorneys' fees as permitted by the applicable statute and/or state or federal law.

## EXEMPLARY DAMAGES

52. In addition to actual damages, Texas Civil Practice and Remedies Code § 41.003 and the common law of Texas entitle Plaintiffs to recover exemplary damages. Defendants' conduct was done knowingly, with actual awareness, malice and intent, and/or with such an entire want of care as to indicate that the acts and omissions in question was the result of a conscious indifference to the rights, welfare or safety of Plaintiffs, such that Plaintiffs are entitled to an award of exemplary or punitive damages, to be determined by the jury commensurate with the facts of this case.

53. Because Defendants' tortious and wrongful conduct violated the Texas Penal Code, exemplary damages in this case are not limited under Sec. 41.008 (b) of the Texas Civil Practices & Remedies. Plaintiffs allege that exemplary damages in this case are warranted and should be awarded in a manner that takes into account the nature of the wrongful actions of Defendants, the character of the conduct involved, the degree of the Defendants' culpability, the situation and sensibilities of the parties, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants International Investment Trade and Service Group a/k/a Interserco and Tourist, Trade and Labor Export Joint Stock Company a/k/a TTLC, jointly and severally as follows:

1. Economic and compensatory damages in amounts to be determined at trial;

2. Actual damages including specific and general damages in amounts to be determined at trial;

3. Exemplary damages;

4. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

5. Attorney's fees and court costs and expenses;

6. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

7. A trial by jury as to all Defendants.

Dated January 8, 2014

                        Respectfully submitted,

                        **THE BUZBEE LAW FIRM**

                        ANTHONY BUZBEE
                        State Bar No.: 24001820
                        S.D. Admissions No. 22679
                        JPMorgan Chase Tower
                        600 Travis, Suite 7300
                        Houston, Texas 77002
                        Telephone: (713) 223-5393
                        Fax: (713) 223-5909
                        tbuzbee@txattorneys.com

                        **THE TAMMY TRAN LAW FIRM**

                        By: /s/ Tammy Tran
                        TAMMY TRAN
                        Texas Bar No. 20186400
                        ttran@tt-lawfirm.com
                        PETE MAI
                        Texas Bar No. 24029702
                        pmai@tt-lawfirm.com

JOHN NA
Texas Bar No. 24074786
jna@tt-lawfirm.com
2915 Fannin
Houston, Texas 77002
Telephone: (713) 655-0737
Telecopier: (713) 655-0823

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record by ECF notification on this the 8th day of January, 2014.

Charles S. Kelley
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002
(713) 238-2634
Fax: (713) 224-4634
Email: ckelley@mayerbrown.com

                                              /s/ Tammy Tran
                                              TAMMY TRAN